Leaptrot *vs.* Robertson, survivor.

JESSE A. LEAPTROT, plaintiff in error, *vs.* G. W. ROBERT-SON, survivor, etc., defendant in error.

1. When the Judge does not admit the truth of statements in the bill of exceptions, this Court cannot consider assignments of error made on those statements.

2. When a party offers to testify in his own cause, he is not incompetent, (under the Act of 16th of December, 1866,) merely because one of the firm, the opposite party, is dead. There should first be an enquiry as to whether, what he intends testifying about, was transacted with a living member of the firm. If he shows it was, he is competent.

Trover. New trial granted, by Judge GIBSON. Washington Superior Court. March term, 1867.

Geo. W. Robertson, as survivor of G. W. and B. F. Robertson, brought trover against Leaptrot, for twenty-one bales of cotton. Leaptrot plead general issue, etc.

During the trial, Leaptrot was offered, as a witness in his own behalf; but, because said B. F. Robertson was dead, the Court would not allow Leaptrot to testify. The evidence is not material here. The verdict was against the plaintiff. A motion for new trial was made. It contained many points, but the Court and counsel for Leaptrot, differed so widely, in their recollections, as to the facts therein alleged, that, virtually, none of them were certified as true, except the rejection of Leaptrot, as a witness, for the reason stated. The motion, therefore, stood on that ground, with the other usual grounds that the verdict was contrary to the evidence, etc. The refusal of a new trial is assigned as error.

HOOK & CARR, STARNES & JOHNSON, for plaintiff in error.

A. R. WRIGHT, by W. K. DEGRAFENRIED, for defendant in error.

HARRIS, J.

1. Many grounds of error are assigned in the bill of exceptions, which we cannot consider, as the facts on which they are predicated, are not admitted by the Judge below to be true.

2. One, however, about which there is no dispute, is presented, which requires our decision.   In the progress of the trial, Leaptrot, the defendant in the action of trover, offered himself as a witness, to support his defence.   It was objected that as B. F. Robertson, one of the firm of G. W. and B. F. Robertson, was dead, the defendant, in such case, was excluded, by the proviso to the Act of 1866.   The Court sustained the objection.   At this term, in the case of Moore vs. Harlan and Hollingsworth, from Richmond, the same point, as that now presented, was decided.   We held, in that case, that Moore should not have been excluded from testifying for himself, until, after a preliminary enquiry by the Judge, it had been ascertained that the contract, in that case, had been made with Hollingsworth, the deceased partner; that if the contract had been made with Harlan, the proviso of the Act of 1866 did not, in spirit, intend to exclude him.   Adhering to that decision, we are constrained to hold the ruling, in this case, erroneous, for the reason that it had not been made to appear, by extrinsic testimony or the answers of Leaptrot on the stand, or the answers of G. W. Robertson, or in any mode whatever, with which member of the firm the contract or cause of action had been made.   We are strongly impressed with the necessity of such a preliminary investigation being had before deciding upon the incompetency of a party, to a suit to testify as a witness, in his own behalf, as, in this case, the death of a co-partner should, at most, but have furnished a *prima facie* presumption, that the contract had been made with the deceased partner; which Leaptrot ought to have been examined as to, in order to determine whether he was competent or not.   Had an examination been made by the Court, or its authority, and in its presence, and the result should have shown that the contract or cause of action, or any transaction or conversation touching the cotton, which was sued for, had been with the deceased partner, then, unquestionably, obeying the spirit of the Act of 1866, Leaptrot should have been excluded entirely.   But, surely, if, by that preliminary examination, it had appeared that the contract, or cause of action, or any subsequent modification of it, had been

made with the survivor, G. W. Robertson, we can perceive no sound reason why Leaptrot should not have been permitted to testify as to that, restraining him from going *beyond* his transactions or conversations about the cotton, with the survivor.

There should, in no case like this in its parties, be an *assumption* of incompetency, merely because one of a firm is dead. This preliminary examination must ascertain the party with whom the contract was made, or cause of action arose, if practicable. If it fails to do this, then the party, offering himself as a witness, should be held incompetent. The great rule, it occurs to us, designed to be established by the Act of 1866, was to allow all parties, to a pending suit, to be heard, as witnesses in their own behalf, where, by this allowance, they could be placed upon a *perfect equality*, and not otherwise, as the exceptions enumerated clearly demonstrate. There can be no inequality where the transactions occurred between *living* parties, and, therefore, no reason for exclusion.

Judgment reversed.