JOHN A. MOORE, plaintiff in error, vs. HARLAN .& HOL-
LINGSWORTH, defendants in error.

In attachment cases it is not important whether the damages laid in the declaration are greater than the sum sworn to in the affidavit, as there can be no recovery in civil contracts beyond the actual proven damage.

Under the Act of 16th December, 1866, a party to the record is not an incomptent witness as against the other party, a firm simply because one of the firm is dead; to exclude him it must appear that the transaction about which he testifies was had with the deceased, and with no other living member of the firm.

Attachment.    Tried before Judge GIBSON.    Richmond Superior Court, June Term, 1867.

Moore made a contract, in writing, with Harlan & Hollingsworth, to build for him a steamboat.    Conceiving that in the pretended fulfilment of this contract he had been damaged, Moore sued out attachment against the firm, the members being non-residents of this State, in which attachment only $5,000 00 was claimed.    It was levied on certain property which was replevied by bond and security.

When Moore's attorneys filed a declaration on said attachment, they declared for $100,000 00 damages.    The plea was general issue and set-off.    When the cause was called for trial the defendant's attorneys moved to strike out of the declaration all sums of damages claimed except the sum of $5,000 00 claimed in the affidavit and attachment.    The motion was sustained.

In the progress of the trial Moore was offered as a witness in his own behalf, but because Hollingsworth was as dead, the Court held that Moore could not testify.    What evidence was offered or allowed, what Moore would have testified to, whether Harlan made the contract for his firm, or whether Hollingsworth was the member who made it, or whether Moore treated with both, did not appear.    Nothing else appears except that the verdict was for the defendants.    The errors assigned are the order requiring the amount claimed to

be reduced to $5,000 00, and the rejection of Moore as a witness.

WM. SCHLEY, LALLERSTADT, (by Hook,) for plaintiff in error.

F. H. MILLER, for defendants in error.

HARRIS, J.

There are two assignments of error in the bill of exceptions, viz:

1st. That the Judge below ordered the amount of damages laid in the declaration filed on the attachment, to be reduced from $100,000 00 to $5,000 00; the amount sworn to as the amount of the claim of plaintiff, in the affidavit which he made, on which the attachment issued.

2nd. The exclusion of Moore from giving testimony for himself, because Hollingsworth, one of the firm of Harlan & Hollingsworth, was dead, and therefore Moore was incompetent to testify under exception to the Act of 1866.

As to the first point, we deem it a matter of no importance whether the damages laid in the declaration are *beyond* the amount sworn to in the affidavit or not, as no recovery beyond, in civil contracts, the actual damages sustained by proof, can be recovered. It is difficult to perceive upon principle, how, as the case was proceeding between the parties to the contract, an objection could be made at the instance of a security (no party to the cause,) in a collateral matter growing out of law proceedings to enforce plaintiffs demands. The liability of that security whenever he shall be sued, is *the penalty* or *condition of his bond,* and a judgment for any amount whatever, however large against the party, *cannot bind the security beyond his enagagment.*

The second assignment arises under the Act of the Legislature of 16th of December, 1866. Pamphlet Acts p. 138, entitled an Act to declare certain persons competent witnesses as in the Act set-out. See Code Sec. 3798. This Act was designed to remove the ground of exclusion of persons previously *incompetent* as witnesses.

Moore *vs.* Harlan & Hollingsworth.

Parties to a suit before this Act, were incompetent to testify in their own behalf, or in other words could not, at their own volition, put themselves forward as witnesses to support their suits or defences.    This Act swept away that incompetency in all cases whatever, *except in the special instances enumerated.*

Under the first exception, in the following order, the question to be decided here arises.    "Where one of the original parties to the contract, or cause of action, in issue or on trial, is dead, or is shown to the Court to be insane, or where an executor or administrator is a party, in any suit or contract of his testator, or intestate, the other party shall not be admitted to testify in his own favor."

In this case, had there been but two parties to the contract, to-wit : Moore and Hollingsworth ; the latter being now dead, the former could not be a witness for himself.    It appeared, however, that the contract of plaintiff was with two persons, who were partners, Harlan & Hollingsworth, and that Harlan is alive.    The enquiry, in this state of facts, before deciding upon the question of the competency of Moore, should have been, *with which* of the partners was the contract, for the building of the steam boat, made ?    If with Hollingsworth *alone,* he being dead at the trial, Moore would have, *then,* been incompetent ; but if the contract was talked over, and agreed upon with both, we can perceive no reason, why Moore, in such a case, would not be competent, as *a party with whom the negotiation was made,* acquainted with its terms, and what transpired, is alive, and capable of being examined as to it.    What, if it should appear that the contract, in this case, should have been made with Harlan, the survivor ?    Is there any sound reason, then, looking to the *spirit* of the Act of the Legislature, why Moore should not be a competent witness ?    The *equality* between parties to a suit, contemplated, would not be violated, but enforced, by allowing him to be a witness for himself, in such a state of things.

The error of the Judge below, in excluding Moore, *when* he did, consisted in this, that, upon the fact being admitted that Hollingsworth, one of the parties defendants, was dead,

41

without any preliminary investigation having been made by him, as to which of the partners the contract was made with, *assumed* that it was made with Hollingsworth, the deceased partner.    It occurs to us, that whenever, as in such a case as this, a partnership is either plaintiff or defendant, and one of such partnership is dead, an examination should be made, when necessary, into the fact, with which one of the partners, the contract was made, or transaction occurred.    If it should turn out to have been with the living partner, the adversary party to the record, then, may be a witness.

The whole scope and intention of the Act, was to confer equal privileges upon parties to suits; that is to say, to admit those *persons* who made the contract, or between whom a transaction took place, to give their respective versions of it, in evidence to the jury, leaving the jury, as in other cases, to decide upon the credibility of the testimony.    If this was the leading idea which this legislation sought to accomplish, how can a construction of the Act be maintained, which excludes a party plaintiff from his narrative of the contract or transaction, the other party and person, with whom it was *actually* made or had, being alive, perhaps in the Court room?

The Act of 1866, literally embraces only cases where one person is a party plaintiff, and one person is a party defendant. In a case, within the strict letter of the Act, there can be no necessity for any preliminary enquiry, such as we have indicated, for the exclusion of the party living, to testify as a witness for himself, the other person with whom the contract was made, being dead, is clear; but we entertain the opinion that the Act was meant to include all cases, whatever, that might arise, and to prescribe a general rule for their government, and, taking the whole Act together, we feel that we are not only authorized, but that it is our duty, to interpret it literally, so as to effectuate the purposes of the Legislature.

Judgment reversed.