## CHAMBLEE *v.* PIRKLE *et al.*, administrators.

Where one, intending to bind himself only as surety for another, in fact signs a promissory note as a joint maker, knowing at the time that other persons are to be requested by the principal to sign such note as sureties, which is thereafter done and the note is signed by a third person as a surety, there having been no direct communication between the latter and the party first herein referred to, and a judgment is afterwards rendered against the person last signing, in his capacity as surety, and also against the other two parties to the note, but as principals; and where, after the death of the party who signed as surety, the person first intending to become such undertakes, under the provisions of section 2985 et seq. of the Civil Code, to have himself declared to be a surety only, both as against the maker and as against the representatives of the estate of the deceased surety, upon the trial of the issue thus made the movant is not, by reason of anything contained in section 5269 of the Civil Code, rendered incompetent as a witness in his own favor to show his true relation to the paper. The effect of such proof, when made, is not now decided.

Argued June 24, — Decided July 14, 1897.

Application to make proof of suretyship. Before Judge Kimsey. Hall superior court. July term, 1896.

*H. H. Dean, J. B. Estes, H. H. Perry* and *M. L. Smith*, for plaintiff in error.

*F. M. Johnson, G. H. Prior* and *S. C. Dunlap*, contra.

SIMMONS, C. J.   It appears from the record, that J. M. Chamblee and Geo. L. Chamblee as principals, and A. R. Cooper as security, made a note to F. T. Davie.   When the note became due it was not paid, and Davie brought suit against the Chamblees as principals and Cooper as surety, and obtained a judgment against them.   After judgment, George L. Chamblee paid a large portion of the money due thereon, and then commenced proceedings, under section 2985 et seq. of the Civil Code, to have himself declared to be a surety only as against both J. M. Chamblee and Cooper.   Before the trial of this case, Cooper died and Pirkle and W. H. Cooper were appointed as his administrators.   They denied that Geo. L. Chamblee was only surety on the note, and insisted that he was one of the principals.   At the trial of the issue thus formed, George L. Chamblee offered himself as a witness, and testified in substance that his brother, J. M. Chamblee, was behind as tax-collector of Hall county and brought him the note, telling him that if he would sign it as security, he (J. M. Chamblee) could get the money from Mr. Davie to pay off the indebtedness, and that others would sign with him.   He did sign it, intending thereby to become a surety only.   There was no one present when he did so, except his brother.   He had no conversation with Cooper about signing the note, before he signed it.   He had no transaction whatever with Cooper in regard to the note.   Cooper signed it after the witness had signed, and witness did not see Cooper sign.   After hearing this testimony, the court, on motion, excluded it on the ground that it related to a transaction or communication with Cooper, and that, Cooper being dead at the time of the trial, Chamblee was not a competent witness to testify in regard to this matter.   Having ruled out this testimony, the court granted a nonsuit, to which Chamblee excepted.

The first exception to section 5269 of the Civil Code declares, that "Where any suit is instituted or defended . . . by the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the . . deceased person, as to transactions or communications with such . . deceased person."   The second excep-

tion is, that "Where any suit is instituted or defended by partners, persons jointly liable, or interested, the opposite party shall not be admitted to testify in his own favor as to transactions or communications solely with an insane or deceased partner, or person jointly liable or interested."

The competency of Chamblee as a witness and the admissibility of his testimony depend upon whether the signing of the note by Chamblee with his brother, apparently as principal, and his brother's taking it to Cooper and getting him to sign it, constitute such a transaction or communication of George L. Chamblee with Cooper as will bring this testimony under the terms of the act. After a close study of the act and its exceptions and of the evidence offered, we think that the witness was competent and the testimony admissible. A transaction or communication with a deceased person, as used in the section cited, means, we think, some transaction or communication had directly with the deceased, something personal between the surviving and the deceased parties, a transaction or communication of such character that the deceased, if alive, could deny, rebut, or explain the statement of the other party. The facts of the present case do not constitute such a transaction or communication as is meant by the statute. Cooper, the deceased party, was not present when the note was signed by Chamblee, and no conversation occurred between them until after both had signed the note. If Cooper were alive he could not of his own knowledge deny a single word of Chamblee's statements in regard to the signing of the note by the latter, if it is true that he was not present when the note was signed and had no conversation with Chamblee prior to the signing and in regard thereto. He did not know whether Chamblee intended to sign as surety or as principal, and could not, were he alive, deny the testimony sought to be given by Chamblee. The true intent and meaning of the exceptions to the section above cited is to exclude testimony of any party as to matters occurring or happening directly with the deceased party, which he, if alive, could deny or explain. The statute does not render a witness incompetent simply because the other party is dead. It includes only direct transactions or communications

between the witness and the deceased party, and as to àll other matters the living party is a competent witness. If Cooper were alive, all that he could say in regard to the matter would be, that when the note was brought to him it was signed by Chamblee as one of the principals, and that he did not know that Chamblee was only a surety, but thought, from the fact that the word *surety* was omitted after the signature, that he was a principal. This is not contradictory of the evidence sought to be introduced.

We think that the witness was competent and the evidence admissible; but as to the effect which it ought to have against the estate of Cooper we express no opinion now, as the question is not made in the present case. It may be that the administrators of Cooper will contend that even if the testimony is admissible, it ought not to affect their intestate's estate, as he signed the note believing that the plaintiff in error was a principal, and that the latter would now be estopped, as against Cooper's estate, to prove himself only a surety, and by so doing to throw half the burden of the debt upon the estate. This question is not now made, and is therefore not here decided.

*Judgment reversed. All the Justices concurring.*