BROADFOOT v. CITY OF FAYETTEVILLE.

(Filed June 7, 1901.)

1. MUNICIPAL CORPORATIONS—*Bonds—Interest—The Constitution, Art. 7, Sec. 7.*

  Where the commissioners of a town are authorized to fund its bonded indebtedness at a higher rate of interest than the original bonds bore, the portion of the act authorizing the increased rate of interest without a vote of the electors is void as contrary to Art. 7, Sec. 7, of the Constitution, and only the principal of the bonds and interest from maturity of bonds can be recovered.

2. STATUTES—*Constitution—Constitutional Law.*

  A part of an act may be constitutional and a part unconstitutional.

ACTION by C. W. Broadfoot against the City of Fayetteville, heard by Judge *Fred. Moore,* at February Term, 1901, of the Superior Court of CUMBERLAND County. From a judgment for plaintiff for the amount of the bonds and interest at the rate of 7 per cent, both parties appealed.

  *Geo. M. Rose,* and *Hinsdale & Lawrence,* for the plaintiff.
  *Busbee & Busbee,* and *D. T. Oates,* for the defendant.

MONTGOMERY, J.  The General Assembly, on the 22d of March, 1875, enacted a law enabling the proper authorities of the town of Fayetteville to fund the then bonded indebtedness of the town contracted for subscription to stock of the Western Railroad Company, and to execute and deliver new bonds for like amounts in payment of and in exchange for the outstanding bonds, which had been issued under an act of the General Assembly, in December, 1852, for the payment of the stock of the Western Railroad Company. The

128——34

rate of interest named in the bonds issued under the Act of
1852 was six per cent, and the rate provided for by the Act of
1875 was to be not more than eight per cent. The proper
officers of the town of Fayetteville under the authority of the
Act of 1875, issued to the plaintiff on the first day of Janu-
ary, 1876, the bonds which are the subject of this action, bear-
ing 7 per cent interest, and the plaintiff surrendered to the
Mayor and Commissioners a like number of bonds and for
like amount of principal, which had been issued under the
Act of 1852. No election was held in the town of Fayette-
ville upon the question of authorizing the issue of the bonds
which were to be issued under the Act of 1875.

The question for decision, as we see it, is whether or not the
loss of the entire interest follows the action of the Mayor and
Commissioners under the Act of 1875 on account of a failure
to submit the question of the increase in the rate of interest
to the qualified voters of the town, under Art. VII, sec. 7, of
the Constitution? The contention of the plaintiff is that the
debt has not been changed; that the principal amounts of the
bonds are of *like sums* (the words of the Act) as the principal
in the bonds issued in 1852; that interest is a mere incident
of a debt, and that a change in the rate of interest is, there-
fore, no change in the debt, and as a consequence that it was
not necessary to have submitted that increase to a popular
vote.

The defendant insists that interest is an integral part of a
debt; that an increase in the rate of interest is an increase in
the debt itself, and, therefore, that the increase in the debt
not having been submitted to a vote of the people, under Art.
VII, sec. 7, of the Constitution, the whole issue of the bonds,
principal and interest, is void.

There is no doubt that in cases where interest is con-
tracted for, the interest is an integral part of the debt. In
cases where it is recoverable as damages for breach of con-

tract to pay money, or where it is allowed in recoveries in tort, it is a mere incident of the debt, the meaning of which is, that if, on a contract for the payment of money in which interest is provided for, the debtor should make a payment of the principal sum, the interest would yet be afterwards collectable as a part of the debt; while the other rule would prevail if the contract made no provision for the payment of interest. *King v. Phillips,* 95 N. C., 245; *Davis v. Harrington,* 160 Mass., 278. Notwithstanding that interest is an integral part of the debt in the sense in which it is described in the cases just cited, yet interest is still a separate thing from the principal sum and is always distinguished from the principal in the decisions and in the text-books.

In the case before us the interest was provided for in the face of the bonds; it was a part of the debt, but to be distinguished still from the principal of the debt. That part of the Act of 1874-'5, Ch. 248, as to the principal amount of the bonds, was not contrary to the requirement of Art. VII, sec. 7, of the Constitution. The General Assembly, however, undertook to give the town authorities of Fayetteville the power to increase the rate of interest from 6 per cent to as much as 8 per cent in their discretion. That much of the Act, the power to increase the rate of interest, was repugnant to the feature of the Constitution which we have cited. A part of an Act of the General Assembly can be constitutional and a part unconstitutional. *McCless v. Meekins,* 117 N. C., 34. What then is the effect of the unconstitutional part of the Act? Does the whole interest fail, or only the difference between 6 per cent, the amount provided for in the original bond, or the 7 per cent allowed in the new bonds? We think the whole interest fails for the one and simple reason that, as the rate agreed on was in its effect contrary to the provision of the Constitution which we have pointed out, we can not by judicial decree fix upon either 6 per cent or any other rate. We can not make a contract for the parties.

FLEMING v. LUMBER Co.

That part of the judgment below is erroneous in so far as 6 per cent interest is allowed on the bonds, as only the principal sum of the bonds can be collected, with interest from the time of the maturity of the bonds. The judgment below is modified as in this opinion set out, and affirmed except as to the modification.

Modified and affirmed.

## PLAINTIFF'S APPEAL.

MONTGOMERY, J. There was no error against the plaintiff in the ruling and judgment of the Court below.

No error.