### DOWDY *v.* WATSON & LEWIS.

1. The competency of a witness must be decided by the court.
2. There is no presumption that a witness is incompetent; and a witness offered may be permitted to testify, unless there is an objection or exception distinctly raising the question of his competency.
3. If a witness is altogether incompetent to testify, objection must be taken before the witness is examined at all. If he is competent as to some matters

and incompetent as to others, the objection may be taken at the time he offers to testify as to the matters concerning which he is incompetent.

4. If the determination of the question as to whether a witness is competent to testify depends upon the decision of disputed facts, the proper practice is for the judge, after a preliminary examination, to decide the questions of fact thus arising; but he may in his discretion take the opinion of the jury thereon.

5. When objection is made to a witness, his incompetency may be proved by the witness himself, or by other testimony; and if proved by other testimony, the witness is incompetent to explain it away.

6. If a witness has been declared to be competent by the court, and during the progress of the trial evidence should be introduced which would make his competency doubtful, the jury should be instructed to determine this question of fact, and, if they should find that the witness is incompetent, not to consider his testimony on the points concerning which he was not competent to testify.

7. When in a suit on a promissory note instituted in the name of a partnership against the maker, to which the defendant interposed a plea of non est factum, it was admitted at the trial that one of the members of the partnership was dead, and the defendant was offered as a witness in his own behalf to testify that he did not execute the note sued on, and it appeared from other testimony than that of the defendant himself that a transaction culminating in the execution of the note sued on was conducted by the defendant solely with the deceased partner, the defendant was not a competent witness to prove that he did not execute the note, or to contradict the testimony of the other witness that a transaction resulting in the execution of the note sued on was conducted with the deceased partner.

Submitted January 6, — Decided April 1, 1902.

Complaint.   Before Judge Littlejohn.   Dooly superior court. July 19, 1901.

*Thomson & Whipple* and *G. W. Wooten*, for plaintiff in error, cited Civil Code, § 5269; 110 *Ga.* 818(2); 101 *Ga.* 790.

*M. S. Means* and *A. C. Pate*, contra, cited Civil Code, § 5269; 75 *Ga.* 516; 76 *Ga.* 220.

COBB, J.   Suit was brought on a promissory note in the name of Watson & Lewis against W. S. Dowdy and another.   Dowdy filed a plea of non est factum.   At the trial it was admitted that Lewis, one of the members of the plaintiff firm, was dead.   Taylor, who was the subscribing witness to the note sued on, testified that Dowdy signed the note in his presence; that when he was called in to witness the note Lewis and Dowdy were talking, Dowdy refusing to sign the note and Lewis insisting that he should, and that finally Dowdy signed the note.   Dowdy was introduced as a witness in his own behalf, and was permitted to testify that Taylor did not see him sign the note, but was not allowed to testify as to any-

thing that occurred or did not occur at the time the note was alleged to have been executed. The jury returned a verdict in favor of the plaintiffs, and the defendant Dowdy assigns error upon the refusal of the court to grant his motion for a new trial. In the motion complaint is made that the court erred in refusing to allow him to testify that he did not sign the note sued on, that he never had any transaction with Lewis resulting in the execution of the note, and that no such conversation as that detailed by Taylor ever took place between the defendant and Lewis. The court held that under the Civil Code, § 5269(2), the defendant was an incompetent witness to testify to the facts above referred to. That section is as follows: "Where any suit is instituted or defended by partners, persons jointly liable, or interested, the opposite party shall not be admitted to testify in his own favor as to transactions or communications solely with an insane or deceased partner, or person jointly liable or interested." There is no presumption that a witness is incompetent. The question of the competency of a witness does not arise until there is an objection or exception distinctly raising that question. When a witness is objected to on the ground that he is incompetent to testify, the question must, as a general rule, be decided by the court; and the objection, if known, must be taken before the witness is examined at all. Civil Code, §§ 5267, 5277. If the objection be known before the witness is examined and is not made until after the witness has been examined, this would be ground for overruling the objection. *Brunswick & Western Ry. Co.* v. *Clem,* 80 *Ga.* 535(3), 538. If, however, a witness is competent to testify in reference to some matters and incompetent as to others, the objection need not be taken until it is sought to examine the witness as to the matters about which it is claimed he is incompetent to testify. But whether it is claimed that the witness is incompetent to testify at all, or simply as to certain particular matters, the question of competency is primarily one to be decided by the court. If the question depends upon the existence of facts which are disputed, the proper practice is for the court, by a preliminary examination, to determine whether these facts exist. If, however, the determination of the question depends upon the decision of intricate questions of fact, the judge has the power, in his discretion, to take the opinion of the jury thereon. See 1 Gr. Ev. (16th ed.) § 81e, p. 162, § 81f, p. 163, § 425, p. 910;

Chamb. Best, Ev. (ed. 1893–4) § 133. In the case of *Moore* v. *Harlan & Hollingsworth*, 37 *Ga*. 623, it appeared that Hollingsworth, one of the defendants, was dead, and that when Moore was offered as a witness the court excluded him upon the ground that he was incompetent under the provisions of the evidence act of 1866. In the opinion Judge Harris says: "The error of the judge below in excluding Moore, *when* he did, consisted in this, that, upon the fact being admitted that Hollingsworth, one of the parties defendants, was dead, without any preliminary investigation having been made by him as to which of the partners the contract was made with, *assumed* that it was made with Hollingsworth, the deceased partner. It occurs to us, that whenever, as in such a case as this, a partnership is either plaintiff or defendant, and one of such partnership is dead, an examination should be made, when necessary, into the fact, with which one of the partners the contract was made or transaction occurred. If it should turn out to have been with the living partner, the adversary party to the record then may be a witness."

In the case of *Leaptrot* v. *Robertson*, 37 *Ga*. 586; the same judge, referring to the case just cited, said: "We held in that case that Moore should not have been excluded from testifying for himself until, after a preliminary inquiry by the judge, it had been ascertained that the contract in that case had been made with Hollingsworth, the deceased partner; that if the contract had been made with Harlan, the proviso of the act of 1866 did not in spirit intend to exclude him. Adhering to that decision, we are constrained to hold the ruling in this case erroneous, for the reason that it had not been made to appear by extrinsic testimony or the answers of Leaptrot on the stand, or the answers of G. W. Robertson, or in any mode whatever, with which member of the firm the contract or cause of action had been made. We are strongly impressed with the necessity of such preliminary investigation being had before deciding upon the incompetency of a party to a suit to testify as a witness in his own behalf, as, in this case, the death of a copartner should, at most, but have furnished a *prima facie* presumption that the contract had been made with the deceased partner; which Leaptrot ought to have been examined as to, in order to determine whether he was competent or not. Had an examination been made by the court, or its authority, and in its presence, and the result

should have shown that the contract or cause of action, or any transaction or conversation touching the cotton which was sued for, had been made with the deceased partner, then unquestionably, obeying the spirit of the act of 1866, Leaptrot should have been excluded entirely.    But surely if by that preliminary examination it had appeared that the contract, or cause of action, or any subsequent modification of it, had been made with the survivor, G. W. Robertson, we can perceive no sound reason why Leaptrot should not have been permitted to testify as to that, restraining him from going beyond his transactions or conversations about the cotton with the survivor.    There should in no case like this in its parties be an *assumption* of incompetency merely because one of a firm is dead. This preliminary examination must ascertain the party with whom the contract was made, or cause of action arose, if practicable.    If it fails to do this, then the party offering himself as a witness should be held incompetent."

We have made extended extracts from the opinions of Judge Harris, for the reason that it was necessary to show, as we think can be shown, that, under acts like the act of 1866 as it originally stood and as amended by the act of 1889, when the competency of a witness is called in question, and the facts upon which the alleged incompetency arises are disputed, the decision of these facts rests in the first instance with the judge, who should, after a preliminary examination, determine the facts, unless he concludes in his discretion to submit them to the jury.    In determining the question the incompetency of the witness "may be proved by the witness himself, or by other testimony; if proved by other testimony, the witness is incompetent to explain it away."    Civil Code, § 5277.    If upon the preliminary examination the witness appears to be competent, he should be permitted to testify.    But if during the progress of the case his competency should from other testimony become doubtful, the jury should be instructed to determine this question of fact, and, if they should find the witness to be incompetent, not to consider his testimony.    1 Gr. Ev. (16th ed.) § 425, p. 910.

We have taken this opportunity to call attention to what has been heretofore held to be the proper practice to be pursued in cases where the competency of a witness was called in question under the evidence act of 1866.    And we take this occasion to express

our approval of the practice suggested by Judge Harris as proper
to be followed in all cases arising under the evidence act of 1866
and its amendments, or similar laws. But we are of opinion that
in the present case no error was committed in refusing to permit
the witness Dowdy to testify concerning the matter about which it
was sought to examine him as a witness. A witness for plaintiff
had testified that a transaction culminating in the note sued on had
taken place between Dowdy and Lewis, the deceased partner.
These statements of fact were disputed; and while the court con-
ducted no formal preliminary examination to determine the truth
as to this matter, it does not appear that any person competent to
testify in relation thereto was offered to combat this testimony;
for if the facts testified to by Taylor were true, and if they rendered
Dowdy incompetent as a witness in the case, he could not, under
the provisions of Civil Code, § 5277, for the purpose of restoring his
competency, explain away or deny the statements made by Taylor.
The court was therefore compelled to accept the statements made by
Taylor as true. Treating them as true, we think it is clear that
under the provisions of Civil Code, § 5269 (2), which is above quoted,
Dowdy was incompetent. In *Chamblee* v. *Pirkle*, 101 *Ga.* 792,
Mr. Chief Justice Simmons says that where a transaction had di-
rectly between the witness and the deceased is " of such a character
that the deceased, if alive, could deny, rebut, or explain the state-
ment of the other party," the witness will be incompetent. It is
contended, however, that the statute in question should be construed
strictly, and that the words which prohibit a living party from tes-
tifying "as to transactions or communications" with a deceased
adversary would not preclude the defendant from denying that
there was any transaction or communication at all. It is true that
the statute should be given a strict construction, and it has been
repeatedly ruled by this court that the section is not applicable to
any case which does not come within the letter of the statute.
Indeed, the statute itself contains a provision to this effect. Civil
Code, § 5270. But we do not think the rule of strict construction
should be carried to the extent contended for by the plaintiff in
error. If Lewis had been alive, he could have denied or rebutted
the statement of the defendant that he did not execute the note;
and to hold that the defendant could testify that he did not sign
the note would defeat the very object of the statute. It often hap-

pens that only two parties concerned are witnesses to a transaction, and the object of the statute was to prevent one of them, after the death of the other, from testifying in his own favor to facts connected with the transaction, when the opposite party was dead and could not be heard to reply to the testimony so offered, by contradiction or explanation. In *Neely* v. *Carter*, 96 *Ga.* 197, it was held that in a proceeding to establish a copy of a lost deed the alleged grantee in the deed was not a competent witness to prove the genuineness of the signature of the alleged grantor, he being dead. As was said by Mr. Justice Lumpkin in the case last cited, "The lawmaking power had in contemplation the temptation which might arise from self-interest to swear falsely as to dealings or communications with one whose voice had been silenced by death, and who therefore could not contradict the living witness." The principle ruled in that case is controlling here. See also *Jewell* v. *Walker*, 109 *Ga.* 241; *Chambers* v. *Wesley*, 113 *Ga.* 343.

The evidence warranted the verdict, and there was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concurring, except Little and Lewis, JJ., absent.*