### WALL, administrator, *v.* WALL *et al.*

In a suit by the personal representative of a deceased person against two persons to recover certain described land, it being alleged that one of the defendants was in possession of the land and the other claimed title to the same, and it appearing that the person asserting title to the land did so on the ground that the plaintiff's decedent had during his life executed a bond for title to the defendant claiming title, and that the latter had paid off the note representing the purchase-price of the land, it was not competent for the defendant in possession of the land to testify that during the lifetime of the plaintiff's decedent the witness had seen the note representing the purchase-money in the possession of the other defendant who claimed title to the land under the bond for title with all the purchase-money paid. Such testimony was indirectly testifying to a transaction between a party and the deceased person, and was in favor of the party offering to testify; and consequently the evidence fell within the inhibition contained in exception 1 to § 5858 of the Civil Code.

JANUARY 18, 1913.

Complaint for land. Before Judge Walker. Wilkes superior court. November 10, 1911.

*S. H. Sibley,* for plaintiff. *W. A. Slaton,* for defendants.

BECK, J. A. G. Wall, as administrator of Mrs. A. W. Shipp, deceased, brought suit against Wilkes Wall and W. E. Wall to recover a tract of land, it being alleged that Wilkes Wall was in possession of the land and that he refused to deliver the land to petitioner or to pay him the profits thereof, and that W. E. Wall claimed to be the true owner of said land and for that reason he was made a party to the case. It was further alleged that it was

necessary for petitioner, as the representative of the decedent, to recover possession for the purpose of paying debts and making distribution. The defendants alleged in their plea and answer, that during her life Mrs. A. W. Shipp made and executed to W. E. Wall a bond for title to the land described in plaintiff's petition; that said W. E. Wall had fully paid the purchase-money, and there was then pending in the court of ordinary an application of W. E. Wall to have a deed executed,in compliance with the bond for title; and that the real ownership of the land was in W. E. Wall, who held under a bond for title with the purchase-money fully paid. On the trial the jury returned a verdict for the defendant, and a motion for a new trial by the plaintiff was overruled.

Wilkes Wall, one of the defendants, testified: "Some time after December 1st last, and before the death of Mrs. A. W. Shipp, at Crawford, Ga., I saw the note given by my father, W. E. Wall Sr. to Mrs. Shipp for the land in dispute, in his possession. I do not know how or when he got it, nor what became of it." This testimony was duly objected to on the grounds that it was irrelevant, there being no proof of how W. E. Wall Sr. came into possession of said note, or for what purpose he had it; and that the witness, who was one of the defendants, was incompetent to testify to the fact, the opposite party being the personal representative of Mrs. Shipp, the decedent; and that the fact sought to be proved was legally equivalent to testimony that W. E. Wall Sr. had paid Mrs. Shipp the note in her lifetime. The ruling of the court admitting the testimony set forth above is excepted to in the motion for a new trial.

We are of the opinion that the objection to the testimony was well taken. It is provided in exception 1 to § 5858 of the Civil Code, that, "Where any suit is instituted or defended by    .    . the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the    .    . deceased person as to transactions or communications with such    .    . deceased person, whether such transactions or communications were had by such    .    . deceased person with the party testifying, or with any other person." Under this section of the code it would not have been competent for Wilkes Wall to testify directly to the fact that W. E. Wall, had paid the money for which the note in regard to which he was testifying was given; and this

being true, he could not be permitted to testify to a fact which had the effect of establishing and proving indirectly a transaction which he could not testify to directly. In the case of *Neely* v. *Carter,* 96 *Ga.* 197 (23 S. E. 313), in discussing the ruling of the court excluding the testimony of a certain Mrs. Carter, who was incompetent to testify directly to the execution of a certain instrument in writing where the person alleged to have executed the same was dead, the court said in reference to her proffered testimony, which tended to prove the fact of the execution by the deceased party by proof of the genuineness of the signature: "We think it quite clear that she could not be permitted to testify indirectly to that which she would not be permitted to swear to directly. To swear to the genuineness of a signature purporting to have been made by one of the deceased makers would only be another way of proving the physical fact of execution. Such proof would be merely secondary evidence, the object of which would be to supply the place of direct evidence of actual execution, in a case where higher and more satisfactory proof of that fact was not forthcoming or available. The policy of the law, which clearly would exclude Mrs. Carter from giving direct evidence of execution, likewise would render her incapable of giving evidence of a secondary character which would accomplish the same result, and which, indeed, would be worthless for any other purpose than that of supplying the very evidence she would be precluded from giving by direct and positive proof." So here, the testimony of Wilkes Wall that he saw the note in question in the hands of W. E. Wall Sr. would be worthless for any other purpose than that of showing a payment by W. E. Wall to Mrs. Shipp of the money called for by the note. Permitting the witness to testify as he did was permitting him to swear to a fact which tended, on account of the presumption that it raised, to establish another fact, when clearly he could not have testified to the ultimate fact sought to be established. We are further of the opinion that the testimony of Wilkes Wall was in his own favor. In case of a verdict for the plaintiff, the effect of it would be his ejection from the premises which he then held, and to render him liable for the mesne profits thereof.

It was held in the case of *DeNieff* v. *Howell,* 138 *Ga.* 248 (75 S. E. 202), that in an action by the children of a former marriage against the widow of a deceased grantor, to cancel a deed on the

ground, inter alia, of its non-delivery, a defendant, who was a child of the grantor and the grantee, was not incompetent to testify that he saw the deed in the possession of the grantee, for the reason that he was interested and his testimony concerned a declaration by conduct of the grantee of the deceased grantor, and that he was competent to testify notwithstanding the grantor's administrator was a party to the case; and the ruling that we have made above may seemingly be in conflict with that in the *DeNieff* case, but as a matter of fact it is not essentially in conflict with it, as in the *DeNieff* case the party who was allowed to testify was merely nominally a party defendant and made such on the theory that all the heirs of the grantor were necessary parties to cancel the grantor's deed. The testimony which he gave, tending to show the delivery of the deed sought to be canceled, was not in his own favor but was in law contrary to his own interest; and for that reason the evidence would not have been inadmissible under the ruling which we have made in the present case.

The objection to the testimony offered in the instant case should have been sustained, and the court erred in ruling otherwise.

*Judgment reversed.    All the Justices concur.*