## HILL et al. v. MERRITT, executrix.

1. Where suit is instituted by the personal representative of a deceased person, the defendant is an incompetent witness to testify in his own behalf as to any transaction or communication with the deceased.

2. Where a signed warranty deed containing an attestation clause in the usual form is found, after the death of the grantee, in a private safety-deposit box in a bank, in which box the grantee's papers have been kept, delivery of the deed by the grantor will be presumed.

3. The evidence authorized the direction of a verdict for the plaintiff.

4. The pleadings and the briefs of counsel for the plaintiffs in error having eliminated all questions save as dealt with above, the court will not pass upon other assignments of error in the bill of exceptions.

DECEMBER 18, 1916.

Equitable petition.    Before Judge Mathews.    Bibb superior court.    December 23, 1915.

*C. L. Bartlett, C. H. Hall Jr.,* and *Roland Ellis,* for plaintiffs in error.

*Hardeman, Jones, Park & Johnston* and *H. S. Strozier,* contra.

GILBERT, J.    Under the will of Mrs. Rebecca M. Seymour, Mrs. M. C. Merritt was appointed executrix, and David W. Hill executor.    The executrix filed a petition against David W. Hill, Judson S. Hill, and James B. Hill, asking for direction by the court as to her duty in regard to certain matters touching the estate; that a certain deed alleged to have been executed and delivered by the defendants to the deceased be impounded and held by the clerk or some other officer designated by the court; that David W. Hill and his codefendants be restrained from changing the status of the property described in the deed; and that said property be decreed to be the property of Mrs. Seymour, deceased, subject to be administered according to the terms of the will.    The plaintiff also alleged that the deed in question, after the death of Mrs. Seymour,

was found in a private safety-deposit box in the vault of a bank, which box was rented by Mrs. Seymour. The defendants denied that the property described in the deed was the property of Mrs. Seymour. They admitted that "in a safety-deposit box rented by Mrs. Seymour . . there was found a paper purporting to be a deed, the same being in the language and form of a deed, and signed by these defendants," and they identified such paper as the deed described in the petition of Mrs. Merritt, and attached thereto as an exhibit.

On the trial the plaintiff introduced in evidence the will of Mrs. Seymour, and the deed; and testimony that the deed was found in the safety-deposit box of Mrs. Seymour after her death. The defendants insisted that the effect of this evidence was to show that Mrs. Merritt placed the deed in the box after the death of Mrs. Seymour. The defendants undertook to show that the deed was never delivered; and that the safety-deposit box, while rented by Mrs. Seymour, was really used jointly by her and by David W. Hill. The only issue was whether or not the deed had ever been delivered by the defendants to Mrs. Seymour. The decision of this question depended upon the admissibility of certain testimony offered by the defendants, to wit: David W. Hill was introduced as a witness, and the following questions were propounded to him: (1) "When was the paper [deed] signed?" (2) Did you ever receive any money for the signing of that deed?" (3) "Was that deed ever delivered to any one?" (Counsel stated to the court that they proposed to prove that the deed signed by the three defendants was never delivered to any one, and was kept in the possession of David W. Hill.) (4) "In whose possession was that deed after it was signed?" (Counsel stated to the court that they proposed to show that the deed was physically in possession of the witness, and that it was not a transaction with the deceased.) (5) "Was that paper [deed] signed?" (6) "How long ago was it signed?" (7) "Was there in this box [referring to Mrs. Seymour's safety-deposit box] any of your private papers?" (Counsel stated to the court that they proposed to show that the box was the joint box of Hill and Mrs. Seymour, and that it was in his possession at the time of her death, and never left his possession.)

Judson S. Hill was sworn for the defendants, and the same questions were propounded to him. He was asked the further

questions: "Do you remember signing the deed? At what place in Macon was it signed?" The defendants also offered to prove by James B. Hill "that he never saw this deed, that he never signed it, and that he never delivered it." The plaintiff's counsel objected to all of these questions, on the ground that the testimony had reference to a transaction between the defendants and Mrs. Seymour, the grantee of the deed, who was dead. This objection was sustained. The court directed a verdict for the plaintiff, and the defendants excepted.

1. "Where any suit is instituted or defended by the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the . . deceased person, as to transactions or communications with such . . deceased person." Civil Code (1910), § 5858, par. 1. It must be determined, therefore, whether the defendants in this case were undertaking to testify in regard to such a transaction with the deceased as is inhibited by this code section. In the case of *Chamblee* v. *Pirkle,* 101 *Ga.* 790, 792 (29 S. E. 20), the court defined such a transaction to be a "transaction or communication had directly with the deceased, something personal between the surviving and the deceased parties, a transaction or communication of such character that the deceased, if alive, could deny, rebut, or explain the statement of the other party." The making of a deed is such a transaction; and therefore the grantors are not competent witnesses to testify in regard to such a transaction after the death of the grantee. *Chambers* v. *Wesley,* 113 *Ga.* 343 (38 S. E. 848); *Wall* v. *Wall,* 139 *Ga.* 270 (77 S. E. 19, 45 L. R. A. (N. S.) 583).

It is contended by the plaintiffs in error, however, that they had the legal right to show that in fact there was no transaction at all. This contention is unsound, as was held in *Dowdy* v. *Watson,* 115 *Ga.* 42, 47 (41 S. E. 266). The ruling of the court in excluding the testimony on the ground urged against it was not error.

2. The deed in question is in the usual form of a warranty deed, and contains the clause, "In witness whereof, the said James B. Hill, Judson S. Hill, and David W. Hill have hereunto set their hand, affixed their seal, and delivered these presents, the day and year first above written." Then follow the purported signatures of all three of the defendants, and the attesting clause, "Signed, sealed, and delivered in the presence of," and the signatures of two wit-

nesses, one being a notary public, with the notarial seal. After the death of the grantee this deed was found in a private safety-deposit box in a bank, which contained her private papers. A presumption of delivery of the deed will arise from such possession.

3. There was no conflict in the evidence, and, with all reasonable deductions or inferences from the evidence introduced, a verdict for the plaintiff was demanded, and the court did not err in so directing.

4. The ruling announced in the fourth headnote does not require elaboration.

*Judgment affirmed. All the Justices concur.*