Davis *et al. v.* Walker, executor, *et al.*

Atkinson, J.   A firm of copartners was composed of Jackson Walker and Mrs. R. V. Thomas, engaged in the manufacture of naval stores. While thus engaged A. J. Davis was admitted in the firm as a third copartner. On December 12, 1922, Walker instituted an action for dissolution of the firm, for appointment of a receiver to wind up the business, and for an accounting and adjustment of liabilities of the members to one another. While the action was pending Walker died, and the executor of his will was made a plaintiff and was such party at the trial. There was an issue as to whether Davis on being admitted to the firm assumed the existing debts. Davis testified that the entire transaction whereby he was admitted to the firm was with Walker, and no one else. *Held*, in view of this testimony, that Davis was incompetent, as against the executor, to testify: "At the time that I went back as a partner and bought an interest in this business, I did not assume any indebtedness of anybody." *Dowdy* v. *Watson*, 115 *Ga.* 42 (7) (41 S. E. 266); *Hill* v. *Merritt*, 146 *Ga.* 307 (1), 309 (91 S. E. 204).

(*a*) If the witness would have been competent to give such testimony as against his codefendant alone, the testimony was not offered for that purpose.

(*b*) The judge did not err in excluding the testimony.

2. According to the pleadings and the evidence, at the time of Davis's admission into the firm there were existing debts of the firm owing to Walker and Mrs. Thomas as well as to other persons, and debts accumulated after he became a member. The plaintiff sought to charge him with a proportionate share of all the debts. The evidence did not demand a finding that he assumed the pre-existing debts. The court instructed the jury: "A partnership, gentlemen, is a joint adventure or business undertaking between two or more men, in which they share in the profits and in the losses or debts. It is presumed, gentlemen, that where there is nothing to the contrary agreed upon or shown, that they are equally entitled to share in the profits, and equally liable for the losses or debts; the statement of law being, that, unless otherwise provided in the agreement, partners are equally interested in all the stock or property brought into the business, it matters not by which, and are equally entitled to share the profits and equally bound to pay the losses. I charge you, gentlemen, that an incoming partner is not bound for debts of the firm, in the absence of an express agreement on sufficient consideration to assume the old indebtedness. . . In order to assist you in determining the issues in the case, I have written out certain questions for you to answer. . . One of the issues in the case, gentlemen, is whether Mr. Davis, when he re-entered the partnership, assumed the then existing indebtedness of the partnership, or only agreed to become liable for any debts the partnership might incur subsequent to the time of his re-entry in the business. So, in order to determine that issue, gentlemen, I am submitting this fourth question to you: 'Did

Appeal and Error, 4 C. J. p. 650, n. 37; p. 652, n. 55; p. 1031, n. 34.
Trial, 38 Cyc. p. 1651, n. 78 New; p. 1871, n. 19.
Witnesses, 40 Cyc. p. 2296, n. 67; p. 2300, n. 3.

A. J. Davis assume the existing indebtedness of the partnership of Walker, Davis & Co. at the time he re-entered the partnership?' You look to the evidence, gentlemen, to see what the facts are with respect to that issue." Following this the court charged: "Your answers, gentlemen, to these questions will determine the issues of fact, and will enable the court to frame a decree which will adjust the rights and equities of the three partners in the business among themselves; it being understood, as I have told you, that they are equally liable for the debts, whether those debts are due to the members of the partnership, or whether to outside parties." *Held*, that the latter instruction, considered in connection with its context, was erroneous as an expression of opinion upon the facts relating to the issue as to whether Davis agreed to assume the pre-existing debts. The error was not cured or rendered harmless by the above charge submitting to the jury the question: "Did A. J. Davis assume the existing indebtedness of the partnership of Walker, Davis & Company at the time he re-entered the partnership?"

3. The court charged: "Now, gentlemen, counsel agree that you will get your supper, and come back to the court-house after supper, and take up the consideration of the case. If you reach a verdict at any reasonable hour, then you will sign the verdict in the way I have instructed you, and seal up all the papers, the record and the verdict, in the envelope which the sheriff will furnish you, and the foreman of the jury will retain that, and all of you then will be permitted to go home and be back at nine o'clock in the morning. If you are not able to reach a verdict for any reason at a reasonable hour to-night and feel that you want to retire, then the sheriff will provide for accommodations for the night, and you will take the case under consideration again in the morning. In either case, gentlemen, and especially if you should reach a verdict and disperse for the night, and the foreman retain the verdict in the way I have told you, the verdict will not be published in court until you assemble in the box in the morning; so that you would not have any conversation with any other persons respecting your findings, because it would be your duty to publish the verdict when you get back in the morning." The charge was not error as contended, for any of the following reasons: (a) The only thing to which counsel for the defense agreed was that a sealed verdict might be taken in the event the jury agreed during that evening while the court and counsel were absent; (b) the instructions were conducive to an early verdict and one not necessarily based on a mature consideration of the issues of the case. (c) The charge held out to the jury the inducement that they might go to their homes for the night should they reach an early verdict, which fact was not material to the issues in the case, was not a proper subject-matter for consideration by the jury, and may have seriously prejudiced the rights of the defendants in the court. (d) If said instructions had not been given, the jury trying the case might have given more consideration to the movants' case, might not have felt compelled to reach a verdict that night, and might have given more study to the documentary evidence they had out with them; all of which deprived the movants of that fair and impartial trial by the jury to which they are entitled, and which is guaranteed them by the law of this State.

4. As a reversal will result from the ruling announced in the second division, no ruling will be made as to the sufficiency of the evidence to support the verdict, of which complaint is made in the defendants' motion for a new trial.

*Judgment reversed. All the Justices concur, except Hines, J., who dissents from the ruling in headnote 2.*

No. 5320.  FEBRUARY 18, 1927.

Equitable petition.  Before Judge Reed.  Pierce superior court. January 30, 1926.

*Parker, Parker & Quarterman* and *James R. Thomas & Son,* for plaintiffs in error.

*S. F. Memory* and *J. H. Thomas,* contra.