CREWS, administrator, *et al. v.* CREWS, administratrix.

No. 8406.  November 16, 1931.  Rehearing denied January 16, 1932.

46.

*Wilson, Bennett & Pedrick,* for plaintiffs.

*Blalock & Blalock,* for defendant.

PER CURIAM. ■ The first headnote does not require elaboration.

■ Under the ruling in *Hill* v. *Merritt,* 146 *Ga.* 307 (91 S. E. 204), the testimony which can not be admitted where one of the parties is deceased must concern a "transaction or communication had directly with the deceased, . . of such character that the deceased, if alive, could deny, rebut, or explain the statement of the other party." It is well settled that where one of the parties to a transaction is dead, the surviving party may testify as to some facts and not as to others, the admissible evidence depending upon whether it falls within the definition just given. "If the question depends upon the existence of facts which are disputed, the proper practice is for the court, by a preliminary examination, to determine whether these facts exist." *Dowdy* v. *Watson,* 115 *Ga.* at p. 44 (41 S. E. 266). In the present case the execution of the

document sought to be canceled is not disputed. The testimony of the suriviving party who signed the document does not concern the signing, but has reference to a conversation had by him with the scrivener. Moreover, the document purports to be either a will or a deed. While it might, in a sense, be termed a transaction, it is not one in which there was a valuable consideration. On the contrary it was executed for love and affection by one to his wife for life and to his youngest child in remainder. It is stated in *Dowdy* v. *Watson,* supra: "There is no presumption that a witness is incompetent. The question of the competency of a witness does not arise until there is an objection or exception distinctly raising that question. When a witness is objected to on the ground that he is incompetent to testify, the question must, as a general rule, be decided by the court." Whenever there is an objection on the ground that the opposite party is dead, that objection, standing alone, is not sufficient to render the testimony inadmissible. The court must make an examination to ascertain whether the conversation or the testimony as to the transaction was something had with the party then deceased which the latter could deny or explain, as stated above. In this case no explanation appears in the record. It is not shown that the deceased son was present when the document was executed, nor does it appear that he was present when the conversation was had between the grantor and the scrivener. The contrary appears from the evidence offered. It does not even appear that the deceased son ever knew of the transaction, unless that appears from the fact that the son resided on the place at the time of his death. The document was executed on April 27, 1900. The claim affidavit was filed on August 24, 1929, more than twenty-nine years after the document was executed. The son died in March, 1929, having previously married, but it does not appear when he was born; consequently it is not possible to learn from the record how old the son was at the time the document was executed, and therefore it is not known whether he was old enough to have understood or taken part in the transaction. Moreover, it is more than likely, if either of the grantees participated in the conversation or negotiation, that it was the wife of the grantor, the life-tenant. In such case it was the duty of the court to ascertain whether the entire transaction or negotiation was had with the wife, or whether without the knowledge of either of the grantees, before excluding the

testimony; and unless it appeared that the deceased son, if alive, could deny, rebut, or explain the statement of the surviving party, the evidence was admissible. No such facts appearing, in our opinion the court erred in refusing to admit the evidence. *Moore* v. *Harlan,* 37 *Ga.* 623; *Leaptrot* v. *Robertson,* 37 *Ga.* 586; *Chamblee* v. *Pirkle,* 101 *Ga.* 790, 792 (29 S. E. 20); *Dowdy* v. *Watson,* supra.

■ The third headnote does not require elaboration.

*Judgment reversed. All the Justices concur, except Hill and Hines, JJ., who dissent from the ruling in the second division of the decision.*

HILL, J. I dissent from the ruling of the majority of the court in the second division of the decision. Ground 6 of the motion for new trial is as follows: Because the following material evidence offered by Bryant Crews (he testifying in his own behalf) was illegally withheld from the jury, against his demand and the demand of M. J. Crews, administrator as aforesaid, the court holding and deciding that all such evidence constituted transactions with the deceased, D. L. Crews, and therefore such evidence was illegal and inadmissible upon the trial of said cause; said evidence being as follows: Shortly before the execution of the instrument introduced in evidence, viz., the instrument dated April 27, 1900, from witness to Pollie Crews, his wife [as embodied in the statement of facts, supra], witness met Mr. B. H. Thomas, then clerk of the superior court of Ware County, Georgia, and stated to him that his purpose was to employ an attorney to prepare for him a will; said B. H. Thomas stated that it was unnecessary for witness to go to such expense, as he could prepare it for him, and without any expense to him; witness stated to said Thomas that he desired that his will should devise and bequeath to his wife the lot of land above mentioned, during her natural life, and at her death to go to their youngest son, D. L. Crews. After giving such instructions as to the preparation of the will, witness stated to B. H. Thomas that he would return on a later date and execute the will. He did return on the 27th day of April, 1900, and called on B. H. Thomas, stating that he had called for the purpose of executing the will which was the subject of the conversation had between witness and said Thomas on the previous occasion. Thomas stated that the paper was ready for execution; it was not read to witness, nor could he read it, because he was without his spectacles, and there-

■

upon he executed the paper, it being his understanding and belief that it had been prepared by Thomas as theretofore directed by witness. He did not learn until after the filing of the claim by Mrs. D. L. Crews that she claimed that the instrument of writing was a deed rather than a will, and that it passed title to D. L. Crews, his heirs, executors, and administrators upon the death of witness's wife, Pollie Crews. He has been advised since the filing of said claim that it is the contention of Mrs. D. L. Crews, as administratrix of D. L. Crews, that said instrument of writing is a deed rather than a will, and that she is entitled to administer it as the property of D. L. Crews, deceased. If said instrument is a deed rather than a will, it does not carry out the instructions given by witness to B. H. Thomas, as already stated; it was prepared by Thomas through mistake, in that instead of preparing a will, as directed by witness, he prepared said instrument, which, if it is a deed, does not carry out the intention of witness and the directions given by him to Thomas. He was then, and is now, an illiterate man, having had very little schooling, and having great confidence in Thomas, because he was a business man, was well-informed, and had been clerk of the superior court of said county for many years, as well as a man of uprightness and Christian character. He naturally relied on Thomas, who is now dead, under the circumstances to prepare a will as directed by witness, rather than a deed as claimed by Mrs. D. L. Crews. Neither witness's wife nor his son, D. L. Crews, was present at any of the conferences between witness and Thomas, and no one except Thomas and witness. "Movants say and contend that said evidence was pertinent, relevant and admissible, did not constitute transactions and communications with D. L. Crews, as held by the court; and that the court erred as a matter of law in excluding said evidence and refusing to allow it to be considered by the court and jury upon said trial, in support of the intervention filed by Bryant Crews in said cause, and for the securing of the relief prayed for therein by the said Bryant Crews."

The court did not err in excluding the testimony sought to be admitted by the intervenor. "Where any suit is instituted or defended by the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the . . deceased person, as to transactions or communications with such . . deceased person." Civil Code (1910), §

5858, par. 1. In *Hill* v. *Merritt,* 146 *Ga.* 307, 309 (supra), it was said: "It must be determined, therefore, whether the defendants in this case were undertaking to testify in regard to such a transaction with the deceased as is inhibited by this code section. In the case of *Chamblee* v. *Pirkle,* 101 *Ga.* 790, 792 (29 S. E. 20), the court defined such a transaction to be a 'transaction or communication had directly with the deceased, something personal between the surviving and the deceased parties, a transaction or communication of such character that the deceased, if alive, could deny, rebut, or explain the statement of the other party.' The making of a deed is such a transaction; and therefore the grantors are not competent witnesses to testify in regard to such a transaction after the death of the grantee. *Chambers* v. *Wesley,* 113 *Ga.* 343 (38 S. E. 848); *Wall* v. *Wall,* 139 *Ga.* 270 (77 S. E. 19, 45 L. R. A. (N. S.), 583)." The gist of the present action is whether the instrument under review is a deed or a will. The grantor's contention is that it is a will, and he seeks to prove it by his own testimony, although the grantees and the scrivener are dead and can not be heard to speak. The making of a deed is such a "transaction" or "communication" as that the deceased, if alive, could deny, rebut, or explain the statement of the other party. *Hill* v. *Merritt,* supra. The writing in the present case, which upon its face purports to be a deed, was executed on April 27, 1900, and was recorded on December 22, 1910; and yet in the intervening years no effort was made by the grantor, during the lifetime of the grantees, or the scrivener who wrote the instrument, to have it canceled, or declared a will. In fact it has been nineteen years from the record of the instrument to the time of bringing the present suit. It is contended that the execution of the instrument is not disputed. It certainly is *disputed* that it was ever executed as a deed, or that it can be now proved as a will by the grantor after thirty years, when all the grantees to the instrument, which was executed as a deed, and the scrivener who wrote it, are dead. Attention is called to the fact that no fraud is alleged in the execution of the instrument.

Even if the scrivener wrote the instrument as a deed instead of a will, contrary to the instructions of the grantor, this court has held that "the wrongful conduct of a scrivener, who did not write a contract as instructed, will not relieve the party who directed its preparation, but who failed, through his own negligence, to read

it before sending it to the other party, who in good faith accepted it and acted upon it." *Newsome* v. *Harrell,* 146 *Ga.* 139, 140 (90 S. E. 855). The fact that the grantor did not have his spectacles, as contended, at the time of the execution of the instrument, and for that reason did not read it, is no legal excuse under the facts of the case, requiring its cancellation. The grantor has had thirty years in which to read the instrument, or have it read to him. He probably could, and did have access to the deed before its record, and nineteen years after its record; yet he waited until the scrivener and the two grantees were dead before attempting to impeach the instrument and have it declared a will instead of a deed. "Equity will not aid the sleepy." In the circumstances of the case the grantor will not be heard, after thirty years, to contradict, vary, and have canceled the written instrument by parol evidence. Civil Code (1910), § 5788. He is guilty of such laches as to bar him from equitable relief. The case of *Kelly* v. *Hamilton,* 135 *Ga.* 505 (69 S. E. 724), is distinguishable from the present case. The case of *Dowdy* v. *Watson,* 115 *Ga.* 44 (supra), is not decisive of the controlling question raised. Neither are the cases of *Moore* v. *Harlan,* 37 *Ga.* 623, and *Leaptrot* v. *Robertson,* 37 *Ga.* 686. Even if the foregoing evidence is admissible, the court did not err in directing a verdict for the defendant in error, on account of plaintiff's laches, and did not err in refusing a new trial. Justice HINES concurs in this dissent.