## MARTIN, executor, *v.* MUNROE.

1. In a suit upon a promissory note, where the defendant pleads a written release alleged to have been executed by the payee and delivered to the maker at the time of the execution of the note, and upon the trial the plaintiff does not admit but introduces evidence tending to impeach the genuineness of the writing, it is erroneous for the court to charge the jury, in effect, that the introduction of the release, accompanied by evidence of execution sufficient to authorize the admission of the writing in evidence, would shift the burden of proof from the defendant and cast the burden upon the plaintiff of proving affirmatively that the writing was a forgery.

2. On the trial of a suit upon a promissory note, where evidence was admitted, without objection, that the defendant had made a new promise to pay the note, it was not erroneous for the court to refuse to instruct the jury that the plaintiff could recover upon the strength of such new promise, there being no allegations in the plaintiff's petition sufficient to show a declaration upon the new promise.

Argued July 1, 1907.—Decided February 7, 1908.

Complaint. Before Judge Spence. Calhoun superior court. December 5, 1906.

*Pottle & Glessner* and *W. D. Sheffield,* for plaintiff in error.

ATKINSON, J. The plaintiff as executor instituted suit upon a promissory note, executed in favor of his testator while in life. No promise except that contained in the note was declared upon. The defendant filed a plea, admitting the execution of the note,

but insisting that he was released from payment, by virtue of a writing executed by the plaintiff's testator and delivered to the defendant at the time of the execution of the note. On the trial it appeared from the evidence that the defendant was the brother of plaintiff's testator. The writing relied upon as a release from payment of the note was as follows: "Georgia, Calhoun County. This is to show that I, J. J. Munroe, have this day sold my interests in my father's estate to my brother L. D. Munroe, who is the executor of said estate, for the sum of twelve hundred dollars, with the distinct understanding that he is not to be sued on said note, and it is entirely discretionary with him whether he ever pays said note or not. This April 11, 1887. [Signed] J. J. Munroe, (L. S.)." The plaintiff contended that the writing was forged. Upon the question of genuineness of the writing the evidence was conflicting. The plaintiff introduced evidence to the effect that after the death of plaintiff's testator, the defendant had promised to pay the note. The court charged the jury as follows: "In this case, when the plaintiff introduced the original note sued on and it was admitted in evidence without objection, he made out what is in law known as a prima facie case; and this cast the burden upon the defendant to prove the matter set up in the defendant's plea. When the defendant offered in evidence the release set up in his plea, and produced witnesses who testified that they were familiar with the handwriting of J. J. Munroe, and upon this proof the release was admitted in evidence by the court to go before the jury, this shifted the burden back from the defendant to the plaintiff; and the defendant would thereupon be entitled to recover, unless the plaintiff, by a preponderance of the testimony, showed that the release was a forgery." After the jury retired and before a verdict had been found, the court, upon written request of counsel for the plaintiff, refused to charge as follows: "Although the jury believe from a preponderance of the evidence that J. J. Munroe did agree, in an instrument signed at the same time the note sued on was signed, that L. D. Munroe should never be sued on said note, still, if, after the death of J. J. Munroe, the defendant, L. D. Munroe, did expressly agree to pay said note to the executor of J. J. Munroe, the moral obligation resting on the defendant to pay the debt would be sufficient to sustain the new contract and promise to pay said note, and the defendant would be liable to pay said note, not-

withstanding the previous contemporaneous agreement before referred to." The jury returned a verdict for the defendant. A motion for new trial was made. Among the grounds of the motion for new trial, the plaintiff complained of error upon the part of the court in charging the jury as already stated, and also in refusing to charge as requested. The remaining grounds of the motion were the general grounds that the verdict was contrary to law, evidence, etc. The motion was overruled, and the plaintiff excepted.

1. Upon the admission of the execution of the note sued upon as made in the defendant's plea, the plaintiff was entitled to recover, unless the defendant could sustain some valid defense thereto. Release from payment of an obligation shown to exist is a matter which is defensive, and the burden of proof rests upon the defendant to affirmatively show the existence of such release. The mere introduction of the writing relied upon by the defendant as a release from payment of the debt was not sufficient to sustain the defendant's plea, where it was not admitted by the plaintiff that the writing was genuine. The plaintiff was not required to make an affidavit of forgery with respect to the writing, but it was sufficient that he did not admit the genuineness of the paper. The writing was not the foundation of the plaintiff's suit, and it was incumbent upon the defendant, in whose defense its introduction was essential, to prove the execution and genuineness of the writing. The burden of sustaining the genuineness of the writing rested upon the defendant throughout the trial. There was a sharp conflict of evidence relative to the genuineness of the paper. The mere introduction of the paper did not shift the burden upon the plaintiff of proving that the paper was a forgery. The court erred in charging the jury to the effect that proof sufficient to admit the paper in evidence shifted the burden of proof from the defendant and cast upon the plaintiff the burden of proving that the writing was a forgery.

2. It was not erroneous to refuse to charge the jury in accordance with the plaintiff's request. The request involved a new promise which was not intimated or declared upon in the plaintiff's petition.

*Judgment reversed. All the Justices concur, except Holden, J., who did not preside.*