## 868.   WEBB *v.* SIMMONS, administrator.

1. Where a suit is instituted or defended by the personal representative of a deceased or insane person, the opposite party is not competent to testify in his own favor to the non-existence of transactions or communications alleged to have taken place between him and the deceased.

2. A note under seal imports a consideration; but the maker may show that the consideration has failed. In a suit upon such a note the burden of proving a failure of consideration is on the defendant. If the defendant shows that the consideration of the note was a promise of the payee to do certain things in the future, the burden is still on him, in order to make a defense of failure of consideration complete, to show that the promise was broken.

3. There was no proof authorizing a recovery of attorney's fees.

Complaint, from city court of Camilla—Judge Scaife. November 7, 1907.

Argued February 3,—Decided February 14, 1908.

*Pope & Bennet,* for plaintiff in error. *Bennet & Cox,* contra.

POWELL, J. By the Civil Code, §5269 (1), "Where any suit is instituted or defended . . by the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the . . deceased person, as to transactions or communications with such . . deceased person." The present suit was instituted by the personal representative of a deceased person, and the defendant sought to testify that certain transactions and communications with the deceased person, the occurrence of which were necessary to the maintenance of the plaintiff's suit, did never in fact occur. The contention is, that there must have been a transaction or communication with the deceased party, before the contingency upon which the statute makes the witness incompetent ever exists; and that the question of the existence or non-existence of the transactions or communications antecedes the stage of the inquiry at which the witness becomes incompetent, under the letter of the law. We are aware that the Supreme Court 'is thoroughly committed to the proposi-

tion that the act of 1889 and the subsequent acts amendatory thereof, the provisions of which are embodied in the Civil Code, §5269, are to be literally construed, and nothing will be added to or taken from them by judicial construction." *Hawes* v. *Glover,* 126 *Ga.* 305, 315 (55 S. E. 62) ; *Hendrick* v. *Daniel,* 119 *Ga.* 360 (46 S. E. 438). Without alluding to any personal doubt we may have as to the correctness of the reasoning by which this rule of construction has been deduced, we of course recognize it as now binding, and follow it implicitly. However, we think that the letter of the statute, as well as its spirit, forbids the living party from testifying as to the non-existence of the transactions or communications; and the Supreme Court has taken the same view. *Dowdy* v. *Watson,* 115 *Ga.* 43 (7), 47 (41 S. E. 266) ; *Moultrie Repair Co.* v. *Hill,* 120 *Ga.* 734 (48 S. E. 143). Despite the strictness of construction imposed by the decisions, we hardly think that the language of the legislature is to be viewed with the speculative rigor of the metaphysicians; and yet the point will stand even that test. Testimony as to a thing includes any and all statements concerning its categories or attributes; and may be positive, negative, or contradictory. If by statute certain witnesses were declared to be incompetent to testify as to the color of a thing, it could hardly be said that such a witness would be permitted to testify that the thing was black; that is to say that the thing had no color at all. Now as color is an attribute, so is existence itself; indeed, according to the metaphysicians and logicians, the *ens* is the first or highest attribute or category; therefore, to testify as to the existence of a thing, whether positively, negatively, or contradictively, is to testify as to the thing itself. Law and logic both recognize the fact that testimony as to a thing may be positive, or negative, or contradictory. Civil Code, §5165. Indeed, the rules of evidence announced in our Civil Code are for the most part, in essence, principles rather of logic than of law.

2. The second headnote is not in conflict with the case cited by counsel for the plaintiff in error, *Lewis* v. *Wayne,* 25 *Ga.* 167. That case, to give it fullest scope, means only that where a mortgage is taken to secure future advances, no amount being specified, the burden is on the plaintiff to show that the future advances were made. In this case the sealed note sued on was for a fixed, definite sum; and while it appeared from contemporaneous

writings that the consideration of it was a promise by the payee to make future advances, the introduction of the note in evidence made a prima facie case for the plaintiff, and the burden was shifted to the defendant to show not only what was the consideration, but the failure thereof. *Martin* v. *Monroe, 130 Ga.* (60 S. E. 253).

3. That the recovery of attorney's fees is unwarranted by the proof is uncontested. The young gentlemen who represented the plaintiff's case in the court below, pardonably zealous of their client's interests, became so engrossed in protecting his rights that they overlooked their own, to the extent that they neglected to bring any proof as to the notice necessary to the recovery of attorney's fees.  *Judgment affirmed, with direction.*