### 1001.   JESTER *et al. v.* BAINBRIDGE STATE BANK.

1. (*a*) The entry of a judgment by the court, without the verdict of a jury, in an action brought to recover on an unconditional contract in writing (even though the defendant has the right to demand, and has demanded, trial by jury), is not in violation of the constitutional right of trial by jury, where the answer of the defendant raises no issuable defense, and where those facts, if there be any, necessary to be proved by the plaintiff are admitted by the defendant's answer. Since the passage of the Neel act of 1893, even though a party in a civil case has the right to demand trial by jury, still, in the absence of a plea which presents some meritorious, issuable defense,—there being no right of the defendant to be preserved,—there is no right to trial by jury upon facts legally admitted to be true.

(*b*) As to an action brought in proper orderly paragraphs upon an unconditional contract in writing, a plea of general issue amounts to no defense.

2. (*a*) Damages arising upon the breach of an alleged agreement to extend or defer the maturity of a note can not be pleaded as recoupment to an action brought to recover the principal and interest due upon such promissory note. The contract to extend (though referring to the note) is independent of the original promise to pay. Recoupment can be pleaded only where the plaintiff is in good conscience liable to the defendant *under the same contract.*

(*b*) A plea which avers that the plaintiff contracted to extend or defer the maturity of a promissory note is, in effect, a plea that the suit is prematurely brought; it is therefore a plea in abatement, and must be considered subject to the rules of strict construction applicable generally to dilatory pleas.

(*c*) A plea in abatement upon the ground that a plaintiff's suit is prematurely brought, and which is dependent upon an indivisible, entire contract providing for the extension of a promissory note (which contract contains several different stipulations), may, upon demurrer, be properly stricken, where, from the answer of the defendant himself, it appears that the conditions precedent devolving upon him were not wholly fulfilled.

3. Where a demand for payment of the whole of an existing indebtedness is relied upon as a waiver of the tender of a smaller amount agreed to be accepted by a corporation upon such debt or demand, it must appear that the demand was made upon an agent of the corporation authorized to collect and empowered to demand payment, and the literal contents of the alleged demand must be sufficiently set out to enable the court to determine the exact nature and effect of the demand relied upon.

4. Losses, which one may have sustained in complying with obligations devolving upon him in carrying out his undertaking under a contract, are not recoverable as damages, even though the contract may have been breached by the opposite party to the contract. Damages to either party to a contract, to be recoverable, must be the result of some act on the part of the other party, and the measure of such damages is the profit, if legally ascertainable, which would have accrued, had the contract been complied with.

5. All proper unequivocal allegations in a petition which are not denied in the defendant's answer are held to be admitted, and proof of such allegations need not be submitted.

Complaint, from city court of Bainbridge—Judge Harrell. January 6, 1908.

Submitted March 13,—Decided July 8, 1908.

*G. G. Bower, R. G. Hartsfield,* for plaintiffs in error.

*Russell & Hawes,* contra.

RUSSELL, J. To a suit brought by the Bainbridge State Bank on a promissory note for $2,000, with interest and attorney's fees thereon, the defendants filed an answer, attempting to set up, by way of recoupment, a claim for $5,000 damages, which they alleged they had sustained by breach of a contract which the plaintiff had made with them to extend the note in question one year. In their answer the defendants averred, that on May 17, 1907, two months before the note in question matured, they made a contract with the duly authorized cashier of the plaintiff corporation (who had full power and authority, by law and by virtue of his office, to make the agreement), by which the bank agreed to extend the maturity of said note from July 17, 1907, to July 17, 1908, in consideration of the sum of $160 to be paid on said note on July 17, 1907, and the further payment of two other notes, for $200 each, more particularly described in the answer. By an amendment the defendants pleaded, as an additional stipulation of the contract and as a consideration moving the bank to the contract to extend the maturity of said note, an agreement that the defendants would not move their deposit account and business, the profits on exchange and from said deposit account being valuable to the bank. The defendants alleged, that the profits on said account amounted to $50, or other large sum, and insisted that as the bank secured this by the agreement to extend the note, the contract was thereby partially performed by them and accepted by the bank, and that for this reason it would be a fraud upon the defendants to permit the bank to avoid the contract. The defendants pleaded, that, relying upon the contract of extension, they expended their ready money in improvements on their plant and thereafter sacrificed enough of their manufactured products to raise the sum of $560 to comply, and were ready to comply, with their part of the con-

tract; but that on July 12, 1907, "they received notice from said plaintiff corporation stating that said corporation would insist on the payment of said note for $2,000 on July 17, 1907, in violation of said express contract extending the maturity of said note, and would repudiate said contract thus solemnly entered into." In response to a special demurrer, the defendants alleged, that the plaintiff refused to accept the $160 and the payment of the two notes for $200 each, and they continued to tender $560 as fulfilment of their part of the contract. To the original· answer of the defendants the plaintiff interposed both general and special demurrers. In response to the latter the defendants amended. The amendment was met with further special demurrers, and another amendment thereupon allowed; and this again was demurred to. Upon review of the record, we find that some of the defects pointed out by special demurrer were remedied, but the information demanded by certain others was not supplied. The trial judge finally sustained the demurrers and struck the defendants' plea as amended, and entered judgment for principal, interest, and attorney's fees. The bill of exceptions challenges the judgment sustaining the demurrers and striking the answer with the two amendments thereto, and also assigns error upon the judgment rendered in favor of the plaintiff.

1. The first insistence of the plaintiffs in error is, that they were entitled, upon their demand, to a jury trial, and that this right was denied by the action of the court. Even if the assignment of error be sufficient to raise the point, it appears to be without merit. The act establishing the city court of Bainbridge (Acts of 1900, p. 108, sec. 16) provides for a jury trial in any civil case in which either party may demand it, "in all cases in which said parties may be entitled to a trial by jury under the constitution and laws of this State" (see also section 27 of the same act); and thereby, under article 6, section 18, paragraph 1, of the constitution (Civil Code, § 5876), the defendants, having demanded a jury trial, were entitled to it upon the same terms as if the case were being tried in a superior court; but they were not entitled to trial by jury except upon a plea presenting issuable facts for the determination of a jury. If the plea, as allowed and filed, analyzed either by the special or general demurrers, presented no meritorious defense to the plaintiff's action, there would be no right

which could be preserved by the jury trial, and, therefore, no right to such trial. It must be remembered that since the decision in *Parmelee* v. *Williams,* 72 *Ga.* 47 (upon which plaintiffs in error rely), was rendered, our entire system of pleading has been simplified by the passage of the Neel act, and that as to an unconditional contract in writing, upon which suit is brought in proper orderly paragraphs, a plea of general issue amounts to no defense at all.

2. The real question in the case, then, is whether the defendants had a good plea, or whether the answer filed by them was totally insufficient to raise any issue for a jury. If the defendants' plea raised any issue of fact, they had the constitutional right of trial by jury. If the plea as amended, properly construed, failed to directly and distinctly challenge a single material allegation of the plaintiff's petition, or to assert an affirmative defense, the case was legally in default, and the judge's order sustaining the demurrer was but a formal declaration and announcement of that fact. The nature and character of the defendants' plea is first to be considered. Taking the plea as a whole and judging it with all liberality to the defendants, it can not be said to be a plea of recoupment; because the defendants' damages, if any, did not arise from the breach of the contract upon which the action was brought,—the promissory note,—but, as alleged by the defendants, their damages resulted from the breach of an independent, subsequent contract to extend the time of payment or to postpone the maturity of that note. "Recoupment is a right of the defendant to have a deduction from the amount of plaintiff's damages, for the reason that the plaintiff has not complied with the cross-obligations or independent covenants arising under the same contract." Civil Code, § 3756. "Recoupment lies for overpayments by defendant, or payments by fraud, accident or mistake." Civil Code, § 3758. It may be pleaded in all actions ex contractu, where from any reason the plaintiff *under the same contract* is in good conscience liable to defendant." Civil Code, § 3759. While a set-off includes all mutual debts and liabilities, recoupment is confined to the contract on which the plaintiff sues. Civil Code, § 3757.

The plaintiff in this case brought suit on a promissory note. The defendants did not claim any overpayments, or payments by fraud, accident, or mistake, or any reason, arising *under the same*

*contract* upon which suit was brought, why they had been damaged, but they alleged an independent contract, apart from and subsequent to the note, although relating to it. If the bank had brought suit upon the alleged contract, the defendants might have set up, by way of recoupment, their damages arising from the breach of this contract. In its last analysis the plea of the defendants, with all its amendments, if it be construed to be a good plea, is, in effect, nothing more nor less than a plea that the note was sued before maturity. It must, therefore, be classified as a plea in abatement, and, being a dilatory plea, is subject to the strictest rules of construction. Taking all the statements of the pleader as true, the duly authorized agent of the bank agreed, upon the payment of $400, the amount of two smaller notes, and $160, the interest for a year in advance on the $2,000 note, and the continuation of the deposit account and exchange business of the defendants, to extend this $2,000 note for a year or until July 17, 1908. According to the plea, the contract can not rationally be construed as divisible. It was an entire contract. The two small notes were to be paid on July 17, 1907, the interest on the note to be renewed was also to be paid, and the bank was to get the benefit of the defendants' deposits, *all* as consideration for the extension. Failure on the part of the defendants to comply with any one of those stipulations was to destroy the whole contract.

3. Furthermore, while it is alleged that the bank received the consideration growing out of the deposits, and that the defendants made considerable sacrifices to raise the $560 with which to pay their smaller notes and the $160 interest, according to the agreement, it is not alleged that they ever tendered the amount of cash to be paid by them, at the proper time and to a designated, authorized agent of the bank. The plaintiff had the right to raise these points by special demurrer, as it did; and as the required information was not given, the court properly and necessarily was compelled to conclude that no such tender as was required by the alleged contract was made. It is obvious that the defendants were unwilling to commit themselves to a definite statement upon this line under oath, for they attempted, in one of their amendments, to plead generally that the necessity for a tender was obviated by the refusal of the bank to accept the $560 in cash. The statement quoted above, that the defendants received notice stating that the

plaintiff corporation would insist upon the payment of the note at maturity, and which was relied upon by the defendants. to set up the waiver of a formal tender, was twice specially demurred to by the plaintiff; and, in the absence of any proper response to these demurrers, by amendment, the trial court, in our judgment, very properly concluded that the allegation of the answer was insufficient to excuse the defendants from their duty of tendering payment of the $560 on July 17, 1907, in cash, to the cashier of the bank, according to the terms of the contract upon which the defendants themselves relied. In the absence of the explicit statement of the exact contents of the notice received (stripped of the mere conclusions of the pleader), and the plea being accompanied by no statement showing whether the notice was oral or in writing, or showing its literal contents, or by what officer of the bank it was given, the court could not tell whether the notice was merely the customary reminder, calling attention to what date the defendants' note matured, or whether it was the urgent demand for payment which the defendants' conclusions adjudged it to be,— whether it was an oral demand from one who was not authorized to collect for the bank, or a written demand from one whose duty authorized him to insist upon payment. Indeed, even if the properly authorized officer of the bank had demanded payment in writing, the defendants should have replied to this demand by insisting upon the performance of the contract; and they would not have been relieved from their duty to tender payment, until it was unequivocally made to appear that the plaintiff, with its attention directed to the contract, had said or done something which demonstrated that an actual tender would be nugatory.

4. In no event could the defendants' allegation that they sacrificed some of their manufactured products at a price below cost, in order to raise funds with which to comply with their obligation, be considered as an element of damage or be used as a measure of the damage, if any, sustained by them. Whatever the defendants may have lost by the sacrifice of their property, as a means of complying with their undertaking, towards a contract which they supposed to be to their advantage, was the result of their own act in the carrying out of their part of the contract. Damages to one party to a contract must always be the result of some act on the part of the other party thereto. For instance, if I contract with

A. B. to purchase from him, for a certain price, which I deem greatly to my advantage, a certain article, and, upon my offering to comply with the contract, A. B. refuses to comply, and if, in order to raise the purchase price (expecting to profit by my purchase), I have sacrificed other property, the measure of my damages would not be what I have lost in the sale of my property below its value. This loss I would have sustained had the contract been complied with. It accrued from my compliance with my own contract. The real measure of my damages would be the profit, if any, which I really and certainly could have made had the contract been complied with instead of being breached by A. B.

We think, therefore, that in the absence of a sufficiently specific amendment to meet the special demurrers directed to the points to which we have called attention, as well as others which we have deemed unnecessary to note, the court was justified in sustaining the special demurrers, and in thereupon striking the plea upon the general demurrer.

5. The plea having been stricken, it was not error to enter judgment by default for the principal and interest and for attorney's fees. The point especially urged in the brief of counsel for the plaintiffs in error is that the court erred in entering judgment for attorney's fees, in the absence of any evidence upon that subject; and our decision in *Webb* v. *Simmons, 3 Ga. App.* 639 (3), (60 S. E. 334), is cited as authority for this contention. In the *Webb* case the allegation as to the service of notice of claim for attorney's fees and liability therefor was denied by the defendant's answer, and consequently, there being an issue upon this point, a judgment for attorney's fees could not be rendered in the absence of evidence. In the present case the allegations of the petition as to the attorney's fees are not denied in the answer or in either of the amendments thereto, and, under the well-settled rule, the averments of the petition upon this subject must be taken as admitted to be true. It is true that the note does not specify the amount of attorney's fees, nor does it say "reasonable attorney's fees," as was the case in *Brooks* v. *Boyd, 1 Ga. App.* 66 (6), (60 S. E. 334), but it includes a promise to pay all attorney's fees if it be collected by law or through an attorney; and the allegations of the petition, that the plaintiff has served each of the defendants with the notice re-

quired by law, etc. (attaching copy thereof), and that the plaintiff "has incurred the expense of attorney's fees amounting to ten per cent. of the principal and interest due on said note," not being denied, are tacitly admitted to be true. There being no issue upon this point, the judgment of the court for attorney's fees was as much authorized as the judgment for the principal and interest.

*Judgment affirmed.*