### SIKES, trustee, *et al. v.* EDWARDS.

1. The verdict, being unsupported by the evidence, was unauthorized by law.

2. An assignment of error held too indefinite to present any question for decision.

3. An instruction to the jury held not erroneous for want of pleading as a basis for it.

No. 1141. JUNE 12, 1919.

Equitable petition. Before Judge Sheppard. Bryan superior court. July 20, 1918.

*J. Hartridge Smith,* for plaintiffs.

HILL, J.   1.   Suit was brought to cancel a certain deed made by Kisiah Elizabeth Sikes to J. Q. Edwards to certain trust property which plaintiffs claimed had been conveyed by Ebenezer Newmans to G. S. Sikes as trustee for the plaintiffs.   The judge allowed the defendant to file an amendment to his answer, setting up a cross-demand, and averring that the consideration of the deed sought to be canceled was the purchase-price of a pair of mules of a certain value, which were used for a number of years to farm the land in question, and for supplies furnished for the support of the plaintiffs.   The mules were finally traded in and the proceeds applied to the necessities of the cestuis que trust.   The remainder of the consideration was for provisions, clothing, etc., and the necessities of life which went to the use and benefit of the plaintiffs. The defendant's prayer was, that his claim of lien against the trust estate of the plaintiffs be set up and established, that he recover judgment in the sum alleged to be due, with interest, that the judgment be made a special lien against the land, and that he recover a general judgment against the plaintiff, Mrs. Elizabeth Sikes, "according to her contract."   On the trial of the case a verdict was rendered in favor of the defendant for the amount prayed for in his answer.   The evidence upon which the verdict was based was to the effect that Kisiah Elizabeth Sikes, one of the cestuis que trust, had taken up certain notes against her husband while she was a married woman, and that certain other advancements were made to her by the defendant for provisions, clothing, etc., which were used for the support of herself and her children, and "it all went on that place," the trust property.   We think that this evidence was not of such character as would authorize Mrs. Sikes to bind the interest of the children as cestuis que trust in the trust estate; and without regard to whether or not it could bind her individual interest, the verdict purported to bind the whole trust estate, and was unauthorized by law.

2.   The assignment of error in the exceptions pendente lite, on the allowance of the amendment to the defendant's answer, "which set up a lien on the property in dispute, for supplies furnished, and a general judgment against Elizabeth Sikes, which amendment

plaintiffs objected to, and over plaintiffs' objection the court allowed the same, to which ruling plaintiffs excepted, now excepts and assigns the same as error," was too indefinite to present any question for decision by the Supreme Court. *Eastmore* v. *Bunkley,* 113 *Ga.* 637 (39 S. E. 105); *Wade* v. *Watson,* 133 *Ga.* 608 (2) (66 S. E. 922); *Adams* v. *May,* 145 *Ga.* 234 (88 S. E. 928).

3. The charge complained of in the motion for new trial was not erroneous for the reason that there were no pleadings upon which it could be based.

<div align="center">

*Judgment reversed. All the Justices concur.*