FARMERS AND MERCHANTS BANK OF CLEVELAND *v.* MILLER *et al.*

JENKINS, P. J.   1. Prior to the passage of what is known as the uniform negotiable instruments law, the holder of a promissory note was not protected from the maker's defense that the consideration thereof was immoral and illegal, even though the holder may have purchased the note before it was due, and without notice of any defect therein or

Bills and Notes, 8 C. J. p. 767, n. 16; p. 1049; n. 24.
Witnesses, 40 Cyc. p. 2313, n. 3; p. 2317, n. 37; p. 2324, n. 20.

defense thereto. Thus, a promissory note given in the year 1921 for the purchase-price of liquors sold in violation of the law is unenforceable, even in the hands of a bona fide holder for value, who takes the same without notice of the consideration. Civil Code (1910), § 4286; *Origler* v. *Laramore*, 18 *Ga. App.* 132 (988 S. E. 901); *White County Bank* v. *Clermont State Bank*, 37 *Ga. App.* 268 (140 S. E. 767).

2. "When any suit is instituted or defended by any person insane at time of trial, or by an indorsee, assignee, transferee, or by the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the insane or deceased person, as to transactions or communications with such insane or deceased person." Civil Code (1910), § 5858 (1). While the code section quoted does not prevent the opposite party from testifying as to independent facts, knowledge of which was not derived from transactions or communications with the deceased (*Watkins* v. *Stulb*, 23 *Ga. App.* 181 (8), 98 S. E. 94), it does prevent the maker of a note, where suit is instituted thereon by the indorsee of the deceased payee, from testifying for the purpose either of affirming or of disaffirming transactions or communications with the deceased opposite party. That is to say, he is not competent to testify in his own favor either to the existence or non-existence of transactions or communications alleged to have taken between him and the deceased. *Webb* v. *Simmons*, 3 *Ga. App.* 639 (60 S. E. 334).

3. Thus, in a case where the defense interposed to the note sued on was that the consideration thereof was illegal and immoral, in that the note was given for the purchase-price of liquor sold in violation of the law, and where the only legal evidence to show the illegality of the consideration was the testimony of one who swore that he was present when the maker and the payee of the note were discussing a debt due by the maker to the payee for liquor sold to him, and that he heard the payee demand of the maker a note for the indebtedness, but that he was not present when any note was given, and that he did not know what the note sued on was given for, or when it was executed, the maker was not competent to testify that the note sued on was given on that occasion and was the only note ever given by him to the deceased.

4. Under the testimony legally admitted, it can not be said as a matter or law that the presumption that the note was based upon a valid consideration was so far overcome as to demand a finding for the defendants. The court therefore erred in directing a verdict for the defendants.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 16, 1928.

Complaint; from Barrow superior court—Judge Stark. April 25, 1926.

*W. L. Nix, J. D. Quillian,* for plaintiff.

*G. A. Johns,* for defendants.