19358.   HAYGOOD *v.* McDEVITT *et al.*
19359.   KNOWLES *v.* McDEVITT *et al.*
19360.   LEWIS *v.* MORGAN *et al.*
19361.   SWILLING *v.* MORGAN *et al.*

Decided May 14, 1929.

*J. L. R. Boyd, O. J. Bundy, R. J. Reynolds Jr.,* for plaintiff.
*R. R. Jackson,* for defendants.

Luke, J. The court sustained the general demurrers of the defendants to the petitions in these cases. To this judgment each plaintiff filed exceptions pendente lite, and later a bill of exceptions reciting that to the judgment sustaining the general demurrer and dismissing the action the plaintiff "then and there excepted by exceptions pendente lite, as appears in this bill of exceptions, which exceptions pendente lite preserved the right of plaintiff in error to except, and he here and now excepts to the said judgment of the said Judge Howard dismissing his action." The only object of exceptions pendente lite is to preserve as a part of the record things occurring on the trial which would not otherwise appear of record. Since the general demurrers were sustained and the actions dismissed, there was no trial on the merits in these cases, and they could have been brought to this court by direct bills of exceptions assigning error on the sustaining of the general demurrers to the petitions, and without exceptions pendente lite. The actions having been dismissed in the lower court, exceptions pendente lite could not properly be filed. *Zorn* v. *Lamar,* 71 *Ga.* 80 (6). Disregarding the exceptions pendente lite, the record shows that the final judgments excepted to in each of these cases were dated October 19, 1928. The bills of exceptions were presented to the trial judge on November 20, 1928. This is not within the thirty days provided by law, and the writ of error in each case must be dismissed. *Crawford* v. *Goodwin,* 128 *Ga.* 134 (57 S. E. 240).

*Writs of error dismissed. Broyles, C. J., and Bloodworth, J., concur.*