19323. HUGHES *v.* ETHERIDGE, executor.

Decided May 18, 1929.

732

A. B. *Spence, Parker & Parker,* for plaintiff in error.

E. O. *Blalock,* contra.

BELL, J. (After stating the foregoing facts.) The court did not err in refusing to permit the defendant to testify that he had had no transactions whatever with the testator. That Mrs. Foor, the testator, was a nonresident and that a number of other persons, who had borrowed from the testator through Stinson as her agent, had in each instance dealt solely with the agent, did not establish that the defendant himself had had no transactions with her. The defendant could have testified, and did testify, to transactions between him and such agent, the agent presumably being still in life, but he could not show that the note in suit was wanting in consideration merely by proof that he had had no such transactions with the agent. In order to maintain the plea it was necessary to show the absence of any such transactions with Mrs. Foor directly, or with any other person acting for her. In the instant

case there was no evidence to show the absence of any dealings whatever between him and Mrs. Foor except the testimony of the defendant himself, which testimony the court excluded. We think the defendant was incompetent to testify to this fact and, therefore, that the court was right both in excluding the testimony and in thereafter directing the verdict in favor of the plaintiff.

In *Webb* v. *Simmons, 3 Ga. App.* 639 (60 S. E. 334), this court held that, where a suit is instituted or defended by the personal representative of a deceased or insane person, the opposite party is not competent to testify in his own favor to the non-existence of transactions or communications alleged to have taken place between him and the deceased. In the opinion it was said: "The letter of the statute, as well as its spirit, forbids the living party from testifying as to the non-existence of the transactions or communications; and the Supreme Court has taken the same view. *Dowdy* v. *Watson,* 115 *Ga.* 43 (7), 47 (41 S. E. 266); *Moultrie Repair Co.* v. *Hill,* 120 *Ga.* 734 (48 S. E. 143). Despite the strictness of construction imposed by the decisions, we hardly think that the language of the legislature is to be viewed with the speculative rigor of the metaphysicians; and yet the point will stand even that test. Testimony as to a thing includes any and all statements concerning its categories or attributes; and may be positive, negative, or contradictory. If by statute certain witnesses were declared to be incompetent to testify as to the color of a thing, it could hardly be said that such a witness would be permitted to testify that the thing was black; that is to say that the thing had no color at all. Now as color is an attribute, so is existence itself; indeed, according to the metaphysicians and logicians, the *ens* is the first or highest attribute or category; therefore, to testify as to the existence of a thing, whether positively, negatively, or contradictively, is to testify as to the thing itself. Law and logic both recognize the fact that testimony as to a thing may be positive, negative, or contradictory. Civil Code, § 5165 [Civil Code of 1910, § 5751]. Indeed, the rules of evidence announced in our Civil Code are for the most part, in essence, principles rather of logic than of law." See also *Wilkes* v. *Groover,* 138 *Ga.* 407 (5) (75 S. E. 353); *Hill* v. *Merritt,* 146 *Ga.* 307 (91 S. E. 204); *Farmers & Merchants Bank* v. *Miller,* 37 *Ga. App.* 668 (2) (141 S. E. 419).

The cases cited by counsel for the plaintiff in error are different in their facts respectively from the case at bar. In each of those cases the testimony related to affirmative transactions which were shown to have taken place solely with one other than the deceased party, and, in our opinion, the decisions therein can have no application to the facts of the present case.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*