CARROLL *v.* ELLIOTT, administrator.

No. 9068. February 17, 1933.

*Isaac S. Peebles Jr.,* and *Thomas W. Hardwick,* for plaintiff in error.

*Hamilton Phinizy* and *C. Vernon Elliott,* contra.

BELL, J. Robert E. Elliott, as administrator of the estate of James H. Shaw, brought a suit against C. B. Carroll, to recover a described tract of land. The verdict and judgment were in favor of the plaintiff, and the defendant excepted to the overruling of his motion for a new trial. The only question for decision is whether the court erred in excluding certain evidence offered by the defendant. After the plaintiff had established prima facie title in Shaw, his intestate, the defendant sought to show a tax title in himself. He contended that the property was sold for State and county taxes due by the decedent for the year 1915, and that the County of Richmond became the purchaser and thereafter conveyed the property to the defendant. The tax deed to Richmond County was imperfect in a certain respect, but was admitted in evidence as color of title. The defendant sought to show possession thereunder by proof that soon after, and in the same year that he acquired the tax claim, he and Shaw entered into an agreement by the terms of which Shaw was to remain in possession of the property as a tenant of the defendant, and that he did so remain in possession thereof for the space of seven years. Shaw was a deaf mute, and the agreement was claimed to have been made through the medium of a conversation conducted by the parties in the presence of one Eldridge, who was introduced as a witness by the defendant. Eldridge testified as follows: "He [Shaw] was a deaf and dumb man, but he could read and write well. We tried to talk with the old gentleman at first, but found out we couldn't talk, and so finally Mr. Carroll made it known to him that he had bought the place, by writing. I don't know where that writing is. It was no business of mine. It could have been thrown down in the trash, and it could have been kept. I don't know. It wasn't my writing. I only went out there with Mr. Carroll to locate the place. On finding the place the result was that a deaf and dumb man was living on the place. The only way we could communicate was by reading and writing. . . If I make no bad mistake, it was on an envelope. Mr. Carroll had the envelope." The writing was not produced, and in order to lay

the foundation for oral testimony as to its contents the defendant himself was interrogated as to the loss of the paper. The court refused to admit the evidence; and this is the error complained of. The ground of the motion for a new trial relating to this matter was as follows: "Because the court refused to allow the defendant Carroll to testify that a certain piece of paper on which was written a conversation between the defendant Carroll and Shaw, the intestate of the plaintiff, the latter of whom was both deaf and dumb, had been destroyed at the time of said conversation in 1915; the defendant stating that he wished to prove the loss and destruction of said paper in order to lay the foundation for the introduction of oral testimony as to the contents of such lost paper, and to prove by one Henry Eldridge, who had no interest in the cause, that in the conversation so recorded Shaw had agreed with Carroll to remain on the premises in dispute in this case as a tenant of the said Carroll, and so agreed in 1915; and movant further offering to show by said Eldridge that said Shaw remained in possession of the premises as the tenant of Carroll continuously for more than seven years."

The court did not err in the ruling complained of. It appeared from the proffered evidence that the paper was destroyed "at the time of said conversation," and therefore the destruction must have taken place in the presence of the decedent. From this and the other facts stated in the motion for a new trial, the evidence of the defendant would have tended to show that the lost paper had been executed by the decedent, and would thus have amounted to testimony in his own favor as to a transaction or communication with the plaintiff's intestate. Under the Civil Code, § 5858, par. 1, the testimony was not admissible. While the law does not prevent the opposite party from testifying as to independent facts knowledge of which was not derived from transactions or communications with the deceased (*Nugent* v. *Watkins,* 129 *Ga.* 382, 58 S. E. 888), it does prevent the opposite party from testifying for the purpose of either affirming or disaffirming transactions or communications with the deceased. *Hill* v. *Merritt,* 146 *Ga.* 307 (91 S. E. 204); *Dowdy* v. *Watson,* 115 *Ga.* 42 (7) (41 S. E. 266). A party may not be incompetent in all instances to testify to the fact of loss or destruction of a written instrument to which the decedent was a party, but the evidence should not be admitted where it tends, even by implication, to prove matters as to which the witness would be

incompetent, such as the execution of the instrument.  See, in this connection, Lueth v. Goodknecht, 345 Ill. 197 (177 N. E. 690), and especially the note to this case in 79 A. L. R. 785.  The testimony of the defendant would have shown, at least indirectly, that he had a transaction or communication with the deceased; and for this reason the witness was incompetent to testify as to the loss or destruction of the instrument.  *Wall* v. *Wall,* 139 *Ga.* 270 (77 S. E. 19, 45 L. R. A. (N. S.) 583) ; *Chambers* v. *Wesley,* 113 *Ga.* 343 (38 S. E. 848) ; *Neely* v. *Carter,* 96 *Ga.* 197 (2) (23 S. E. 313) ; *Garrick* v. *Tidwell,* 151 *Ga.* 294 (5) (106 S. E. 551) ; *Roberts* v. *Johnson,* 152 *Ga.* 746 (111 S. E. 194) ; *Waters* v. *Wells,* 155 *Ga.* 439 (3) (117 S. E. 322) ; *Campbell* v. *Sims,* 161 *Ga.* 517 (3, 4) (131 S. E. 483) ; *Odum* v. *McArthur,* 165 *Ga.* 103 (139 S. E. 870) ; *Hughes* v. *Etheridge,* 39 *Ga. App.* 730 (148 S. E. 358) ; Van Wagenen *v.* Bonnot, 74 N. J. Eq. 843 (70 Atl. 400, 18 L. R. A. (N. S.) 400) ; Klein *v.* York, 149 Tenn. 81 (257 S. W. 861, 31 A. L. R. 452).  Until the absence of the writing was satisfactorily accounted for, the court did not err in rejecting the oral testimony as to its contents.        *Judgment affirmed.    All the Justices concur.*