TILLEY *et al. v.* KING; *et vice versa.*

Nos. 13141, 13142.   MAY 23, 1940.   REHEARING DENIED JUNE 14, 1940.

*Bennet & Peacock, H. A. Wilkinson, Wright & Willingham,* and *Leon & Dean Covington,* for plaintiffs in error.

*W. L. Ferguson* and *R. R. Jones,* contra.

REID, Chief Justice. ■ The defendant in error filed a motion to dismiss the writ of error on the exceptions pendente lite filed by the plaintiff in error, because the assignment of error thereon in the bill of exceptions is insufficient. The exceptions pendente lite relate to the judgment overruling a motion by the plaintiff, on specified grounds, to disqualify Mr. R. R. Jones from appearing as an attorney for the propounder of the will. The evidence

submitted on the motion was set out in the exceptions pendente lite. The judgment rendered by the trial judge was in part as follows: "Upon consideration of said evidence, and after argument of counsel, it is ordered that the petition to disqualify the said R. R. Jones be and the same is hereby overruled and denied." Error is assigned thereon in the exceptions pendente lite, and in the final bill of exceptions, as "contrary to law." Counsel for the defendant in error makes the point that the assignment of error thus made is not specific enough to raise any question for decision. The object of an assignment of error is to inform the appellate court definitely just what it is that the excepting party is complaining of in the ruling excepted to. Whether or not it was necessary to assign error in the exceptions pendente lite as well as in the final bill of exceptions (see generally, on procedure in reference to exceptions pendente lite, Code §§ 6-701, 6-905, 6-1305; *Nicholls* v. *Popwell,* 80 *Ga.* 604, 6 S. E. 21; *Shaw* v. *Jones,* 133 *Ga.* 446, 66 S. E. 240; *Jones* v. *Ragan,* 136 *Ga.* 653, 71 S. E. 1098, *Cotton States Electric Co.* v. *Clayton,* 147 *Ga.* 228, 93 S. E. 204; *U. S. Fidelity & Guaranty Co.* v. *First National Bank of Cornelia,* 149 *Ga.* 132 (3), 99 S. E. 529; *Smiley* v. *Smiley,* 144 *Ga.* 546, 87 S. E. 668; *Alexander* v. *Chipstead,* 152 *Ga.* 851, 111 S. E. 552; *Haygood* v. *McDevitt,* 39 *Ga. App.* 647, 148 S. E. 357; *Sikes* v. *Edwards,* 149 *Ga.* 168 (99 S. E. 621) ; *May* v. *Sorrell,* 153 *Ga.* 47 (2), 111 S. E. 810), we are of the opinion that the assignments made, when taken in connection with the motion and the evidence as contained in the record and the exceptions pendente lite, definitely make the point that under the facts established by the evidence the judge erred as a matter of law in not sustaining the motion of the caveator to disqualify Mr. Jones from acting as counsel for the propounder of the will, on the ground therein set out. *Pace* v. *Pace,* 154 *Ga.* 712 (115 S. E. 65) ; *Kennedy* v. *Rumble,* 4 *Ga. App.* 415 (61 S. E. 839) ; *DuBose* v. *Bank of Sparta,* 139 *Ga.* 115 (76 S. E. 864) ; *Leathers* v. *Waters,* 35 *Ga. App.* 757 (134 S. E. 806) ; Code, § 6-1307.

■ We are of the opinion that the point made by the assignments of error is well taken. The point is this: The present suit is an application to probate the will of Lewis L. Tilley—a will which left practically all his property to his youngest son, to the exclusion of his wife and eldest son. The widow and the eldest

son caveated the probate on the ground of mental incapacity, and especially on the ground that his wife, whom the eldest son had aided, had filed first a lunacy proceeding against him, and then a divorce action, and that the testator had insane delusions respecting what his wife and son had done in the conduct of them. Mr. Jones, a member of the bar (and we are justified in saying, in judicial cognizance from our own and other public records, a prominent, able, and conscientious member of the bar) appeared for Mrs. Tilley in both of these actions, and was paid a fee for so doing. In the action to probate the will he accepted employment from the propounder; and counsel for Mrs. Tilley, one of the caveators, filed a motion in the superior court (the case being there on appeal) to disqualify him from so acting. Mrs. Tilley claimed that in the course of the two cases in which Mr. Jones had represented her he had obtained from her confidential information as to the same matters that would be involved in the will case. The evidence established the fact that Mr. Jones discussed with Mrs. Tilley the institution of the lunacy proceedings, that he prepared the papers for her, appeared at the trial, and was paid a fee for his services. It also appears that he was retained as associate counsel for her in the divorce proceeding, and appeared at the hearing for temporary alimony as one of her counsel. Mr. Jones testified that his employment in the two cases in which he had represented Mrs. Tilley was nominal only, and in one of them as associate counsel only; and that while he had conferences with her while they were pending, he had not obtained any information that would be confidential as between attorney and client.

Recently, in *Clifton* v. *State,* 187 *Ga.* 502 (2 S. E. 2d, 102), we discussed at some length the question of disqualifying an attorney from appearing in a case by reason of previous adverse professional relationships. In that case it appeared that while some negotiations had taken place between the attorney and some of the defendant's relatives, looking to his employment, the negotiations had never been completed, that he never had any communications with the prospective client, and had not been given any information by his relatives as to the facts to be involved in the defense. We held that under these circumstances the attorney was not disqualified as a matter of law, though the judge might in his discretion have disqualified him.

: In the present case the evidence clearly establishes that Mr. Jones appeared as counsel for Mrs. Tilley in both the lunacy and the divorce proceedings, and was paid and accepted a fee in each of these cases for his services. It is pointed out that Mrs. Tilley was not a party to the lunacy proceeding (citing *Yeomans* v. *Williams,* 117 *Ga.* 800, 802, 45 S. E. 73) ; and that though Mr. Jones prepared the papers therein, he did not sign them as her counsel. These points are not elaborated, but we assume they are stated for the purpose of showing that Mr. Jones did not represent Mrs. Tilley as a party to that proceeding. We do not concede, if Mrs. Tilley filed the petition as prescribed in the Code, § 49-601 et seq., that she was not a party thereto. This, however, has no material bearing on the question. It is undisputed that Mrs. Tilley caused the lunacy proceeding to be instituted; and if Mr. Jones was retained by her in the matter, it makes no material difference, in so far as his disqualification to act as attorney for the propounder in the present case is concerned, that she was not technically a party thereto. The basis on which he justifies acceptance of employment in this case against his former client is that in the former cases he had with her no such confidential communications as that in the present case his knowledge thus obtained could be prejudicial to her. It is our duty, and we welcome the opportunity, to make it plain that the member of the bar whose right to appear in the present litigation is under review was in no respect guilty of any misconduct—and none is suggested, but that he was in good faith insisting upon what he conceived to be his lawful privilege in the circumstances. We think that he was mistaken, but fully concede his good faith. A pure question of law is thus presented. We need not stress the fact that the bar is an essential part of the courts; and that whatever affects the dignity, standing, and public esteem of the one affects the other.

 There is no rule of law or of ethics which prevents an attorney from taking employment in a case merely because he has previously represented (or even at the same time represents) an opposite party to the case, provided the cases are not related to each other in some substantial respect. But if the two cases are substantially related, it is no answer for the attorney, who has appeared for the party in one of them, to say, when he attempts to appear against that party in the action, that he had no confidential information

from his client. The rule must of necessity be that if an attorney has been employed in a matter and has appeared in court in connection therewith, he can not thereafter accept employment and appear in a case against his former client, where under the latter employment he must necessarily assume a position contrary to that involved in his former employment. If the disqualification of an attorney in such case were made to depend on whether he had had any confidential communications with his former client or had gained information that might be used to her prejudice, the court would be called upon to investigate what, if any, communications had taken place between the parties. To make any such inquiry would, it seems to us, lead to a violation of the confidential relationship which should exist between attorney and client. To require the client to say what communications had taken place, or to permit the attorney to go into the matter even to the extent of testifying that there were no confidential communications, would be a violation of the rule. Compare *Webb* v. *Simmons*, 3 *Ga. App.* 639 (60 S. E. 334); *Farmers & Merchants Bank of Cleveland* v. *Miller*, 37 *Ga. App.* 668 (141 S. E. 419), on a kindred subject. In other words, we do not think that without the client's consent the court should go into what was or was not said and done between the attorney and the client, if the contract of employment was absolutely consummated, or the attorney appeared for the client in court.

It is proper for the court to make enough investigation to see whether the two cases do in fact involve so much of the same questions, and matters of like kind, and to determine from the standpoint of possible prejudice whether the attorney should be allowed to appear in the second cause. In cases of doubt it is safest to solve it against any apparent inconsistency. There is more than an apparent inconsistency here. In the lunacy proceeding in which the attorney appeared at the instance of Mrs. Tilley, the position he was called on to maintain was that the decedent, the probate of whose will is here involved, was insane. In the divorce proceeding he was not called on to maintain any such position; but if the position of Mrs. Tilley be true, that both proceedings were brought in an effort to keep the decedent from disposing of his property at a time of mental incapacity, that position is adverse to the position of the attorney who in this case appeared to establish mental com-

petency. The lunacy proceedings, the divorce proceedings, the making of the will in question, and the death of the testator all occurred within a comparatively short period of time. One who appeared as counsel for Mrs. Tilley in these two previous proceedings is, it seems to us, disqualified as a matter of law from representing the other side of the will case. We realize that under the rule laid down an attorney will sometimes find, as most of us have, that by reason of having been employed or retained in some small matter, or by some casual prior employment, he has disqualified himself from taking employment in subsequent matters of importance; yet such is a part of a lawyer's life. This is not, as contended, a case for the application of the doctrine of harmless error. Under the testimony in the record a verdict in favor of the will was justified. There was, however, enough evidence to justify a verdict to the contrary. It is impossible to say how far the conduct of the propounder's case by the able attorney whom we have had to hold disqualified to do so may have contributed to the result; but our experience and common knowledge leads us to know that in a litigation of this kind this is not a factor to be ignored.

■ In one ground of the motion for new trial it is alleged that the verdict in favor of the propounder of the will is contrary to law, because the evidence shows that the propounder was neither the nominated executor in said will, a creditor, an heir at law, or a legatee of the testator, and that he accordingly had no authority to offer the will for probate. At this point we deem it appropriate to bring up an assignment of error made in the cross-bill of exceptions, which it is necessary to consider in view of the reversal on the main bill for reasons already stated. This assignment is to the allowance of an amendment by the caveators, as follows: "The caveators, by leave of court first had, amend their pleadings by admitting a prima facie case in favor of the propounder, to wit: that the alleged will was signed by the alleged testator in the presence of three witnesses, and the said three witnesses attested the signature to the same in his presence and in the presence of each other, and that said alleged testator was, at the time of said signing, apparently of sound mind and acting of his own accord, and without any undue influence affecting the terms of his will; and said caveators having admitted a prima facie case in favor of the propounder assume the burden of proving the grounds of caveat

pleaded, and claim the right to open and close the introduction of evidence and the argument in said case." The defendant in error assigns error on the action of the judge in allowing this amendment, on the ground "then and there urged that said plea was insufficient and did not in fact admit a prima facie case." While the assignment does not point out wherein the amendment failed to admit a prima facie case, it is argued in the brief in substance that it did not admit that the propounder was the proper person to have the will probated. It is permissible in a will contest for the caveator to admit a prima facie case for the propounder of the will, and thereupon to take the opening and conclusion. *Wood* v. *Davis,* 161 *Ga.* 690 (131 S. E. 885). The point made by the plaintiffs in error goes to the capacity of the propounder to offer the will for probate in solemn form. The question does not appear to have been made in the court below by motion for nonsuit or otherwise, and it would seem that this should have been done in order that we might consider it. In *Finch* v. *Finch,* 14 *Ga.* 362, cited by plaintiffs in error, the point was made by motion to dismiss the application. The position taken by plaintiffs in error is certainly inconsistent with their amendment in which they sought to admit a prima facie case and claimed the burden of proving the grounds of their caveat, with the benefit flowing therefrom of having the opening and concluding argument, and also to their insistence here, in the argument presented on the cross-bill, that the amendment was sufficient for the purpose. In his will the testator gave the ordinary the power to appoint an executor. In the petition for probate in solemn form it was alleged that the will had been probated in common form, and that King, the propounder, had been nominated executor by the ordinary. If this was true, we think that he was the proper person to offer the will for probate. The pleadings of the caveators made no issue as to this. We conclude that the judge was correct in treating the amendment as a sufficient admission of a prima facie case to authorize the caveators to assume the burden of proof on their caveat. It necessarily follows that the point the plaintiffs in error sought to raise in this ground of the motion for new trial is without merit.

Since the judgment must be reversed for the reasons set forth in the second division of this opinion, we will not deal with the other assignments of error in the main bill of exceptions, further than

to say that the case in the main seems to have been fairly tried; and if there be other errors, they are not such as are likely to occur in another trial.

■ Exception is taken in the cross-bill to the overruling of demurrers to the caveat. We find no error in this respect.

■ Exception is also taken to the admission in evidence of a previous will in which the testator disposed of his property in a normal manner between his wife and his children. This exception is without merit. See 28 R. C. L. 93, 342.

■ The remaining exception in the cross-bill of exceptions relates to the refusal of the judge to allow the propounder to introduce in evidence a portion of the depositions (taken by the caveators) of a doctor of the Veteran's Hospital at Augusta, Georgia, where the testator had received treatment, to the effect that on January 4, 1940, the staff of the hospital was of the opinion that the testator was entitled to be discharged, that he received maximum hospital treatment, and was sane and competent. It is stated that this evidence was offered in direct rebuttal to a letter dated Dec. 30, 1938, written by this doctor to Mrs. Tilley, which had been introduced in evidence by the caveators, wherein he stated that "We [meaning the hospital staff] believe he is in actual need of further hospital treatment." It appears that this letter had been introduced, not in proof of the fact therein stated, but to explain the motive of Mrs. Tilley in shortly thereafter instituting lunacy proceedings against the testator. Code, § 38-302. Clearly the testimony sought to be introduced did not bear on this point, but rather to disprove that the staff did not think, about the time the letter was written, that the testator was in further need of hospital treatment; and it was not admissible for this purpose.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*